Robert **HARWELL**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 7108.

United States Court of Appeals
Tenth Circuit.

April 11, 1963.

Ellis M. Brown, McAlester, Okl., (Preslie H. Brown, and Brown, Brown & Brown, McAlester, Okl., were with him on the brief), for appellant.

George R. Hyde, Atty., Dept. of Justice (Ramsey Clark, Asst. Atty. Gen., Edwin Langley, U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, were with him on the brief), for appellee.

Before BRATTON, LEWIS and HILL, Circuit Judges.

BRATTON, Circuit Judge.

This case presents for determination questions arising in a condemnation proceeding. At the request of the Secretary of the Army, the United States instituted the proceeding to acquire by condemnation title to land to provide for the construction and operation of the Eufaula Dam and Reservoir, Canadian River, in Oklahoma for flood control and related purposes. Robert Harwell owned a farm consisting of one hundred and ninety acres. Sixty acres of such land, referred to in the proceeding as Tract No. B–215, was sought and acquired. It was located approximately a mile and a half from the closest property to be inundated in the reservoir and approximately four and a half miles from the nearest point of the dam site. The estimated compensation was deposited in the registry of the court, and an order was entered granting possession to the United States. By answer, Harwell sought just compensation. The cause was tried to a jury. The jury found that the fair cash market value of the tract taken, plus the damage to the acreage remaining, was $8,700.00; and judgment was entered accordingly.

The substance of the first ground of attack upon the judgment is that the land was not acquired for a public use and that the power of condemnation was exercised in an arbitrary and capricious manner. By 33 U.S.C. § 591, the Secretary of the Army is vested with authority to cause proceedings to be instituted in the name of the United States for the acquisition by condemnation of any land or material "needed to enable him to maintain, operate or prosecute works for the improvement of rivers and harbors for which provision has been made by law * * *."

In a condemnation proceeding, the court may determine whether the nature of the proposed use is public or private. But in the absence of bad faith, if the use is a public one, the necessity for the desired property or the expediency of appropriating it thereto is not open to judicial determination. It is a matter for the legislative branch of the government, and its determination may be delegated. United States v. Threlkeld, 10 Cir., 72 F.2d 464, certiorari denied, 293 U.S. 620, 55 S.Ct. 215, 79 L.Ed. 708.

The tract around which this controversy revolves was not part of the area to be inundated, and it was not immediately contiguous or adjacent to the dam site. But extended surveys and tests had disclosed that it was underlaid with a large deposit, sometimes referred to in the record as rock and sometimes as stone, suitable for use as a constituent element in the production of mass concrete aggregate needed in the construction of the dam. The acquisition of the land was desired for the purpose of enabling the private contractor who had the contract with the government to use the rock or stone thereunder for that purpose; and that was the source of the rock or stone used. The condemnation of land for such purpose was an appropriate means of effecting a public end and therefore the determination of the Secretary of the Army of "need" therefor was well within the range of power delegated by the statute, supra. Highland v. Russell Car & Snowplow Co., 279 U.S. 253, 49 S.Ct. 314, 73 L.Ed. 688; United States v. Marin, 9 Cir., 136 F.2d 388. It also lay within the range of power vested in the Secretary to determine that the power should be exercised even though the rock or stone was to be used by the contractor rather than the government itself in effecting such public end. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27. And in these circumstances there is no basis for the contention that the exercise of the power was arbitrary or capricious.

Asserted error is predicated upon the action of the court in declining to admit in evidence three official reports made by government engineers. The reports were based upon core stem tests made of the tract in question, and they were offered to show the extent and quality of the deposit of rock and stone which underlay the land. Where private property having a prevailing market value is taken for public use, the market value at the time and place of the taking is the measure of just compensation. United States v. New River Collieries Co., 262 U.S. 341, 43 S.Ct. 565, 67 L.Ed. 1014. But where property taken has no market value, it is appropriate to resort to other data for the ascertainment of its value. United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336. The reports were not admissible for the purpose of showing the extent and quality of the rock or stone separate and apart from the land. But they were admissible for the purpose of throwing light upon the extent and quality of such rock or stone deposit as one element in aiding the jury in fixing the value of the land. National Brick Co. v. United States, 76 U.S.App.D.C. 329, 131 F.2d 30; Cade v. United States, 4 Cir., 213 F.2d 138. In connection with the tender and exclusion of the documents, the court stated that it had looked at them; that the court did not think it could read and analyze them; that it was unfair to expect the jury to do so; and that they were excluded on that ground. The documents consisted primarily of a mass of technical data from which the jury could not reasonably be expected to obtain helpful guidance in reaching a verdict representing the reasonable value of the land and therefore the error in excluding them was not substantial. It was harmless.

The admissibility of testimony given by an expert witness on value relating to sales of other land is challenged on the ground that the required foundation therefor was not sufficiently laid. The testimony disclosed that such other

land was within a five-mile radius of the tract involved herein; that it was underlaid with rock or stone; that the sales were made within two or three years preceding the taking of the land in question herein; and that the sale prices ranged from $5.00 to $50.00 per acre. The evidence was sufficient to establish a prima facie showing of comparability. And it was admissible for the purpose of showing the basis, at least in part, upon which the expert predicated the value that he placed upon the sixty-acre tract. United States v. 5139.5 Acres of Land, etc., 4 Cir., 200 F.2d 659; United States v. 18.46 Acres of Land, etc., 2 Cir., 312 F.2d 287.

One exception was taken to the instructions. Its substance was that the court erroneously instructed the jury that the sum of $330,000 as the value of the land would derive from application of the formula tonnage multiplied by a specified royalty. More specifically, the exception was that the instruction was inaccurate as to amount; and that application of the formula to the evidence would derive a larger sum. The government concedes that the instruction was inaccurate. But the amount of the verdict indicates with crystal clarity that it was not predicated upon use of such formula and therefore the inaccuracy in the instruction did not occasion any prejudice.

The court refused certain requested instructions. But the general instructions of the court fairly and adequately covered the issues in the case. And where the instructions given by the court fairly and adequately cover the material issues, it is not error to refuse requested instructions even though they are correct statements of law. Missouri, Kansas & Texas Railway Co. v. Jackson, 10 Cir., 174 F.2d 297; Loew's, Inc. v. Cinema Amusements, Inc., 10 Cir., 210 F.2d 86, certiorari denied, 347 U.S. 976, 74 S.Ct. 787, 98 L.Ed. 1115; Jones v. Griffin, 10 Cir., 216 F.2d 885.

Affirmed.