T. Paul Kane, J.
In an action for a declaratory judgment, defendants move to dismiss the complaint upon the grounds that the court lacks jurisdiction of the subject matter, the complaint fails to state a cause of action, and the State is not a *212 necessary or proper party (CPLB 3211, subd. [a], pars. 2, 5, 7). Plaintiffs cross-move for summary judgment (CPLB 3211, subd. [e]).
Plaintiffs were the owners as tenants in common of certain premises consisting of 67.7 acres of unimproved real property in the Town of Grilboa, Schoharie County, approximately two miles distance from the site of the Blenheim-Grilboa Pumped Storage Power Project now under construction. Defendant Power Authority of the State of New York (hereinafter called “Authority”) acquired approximately 1,500 acres for this project by condemnation on or about July 3, 1969. Thereafter and by separate acquisition on August 14, 1969 this same defendant condemned plaintiffs’ property and acquired the title in fee for the exclusive purpose of extracting the high quality sand and gravel found on said premises for the “ dam filler ” in its proposed project. The two separate parcels do not adjoin although an access road has been constructed to transport the required material to its various sites. An enormous quantity of material has been and will be removed from the premises and upon completion of the project there is no anticipated use for the remnants. Plaintiffs thus seek a declaration that the appropriation in fee for the purpose of taking sand and gravel is illegal as an unauthorized or excessive taking of private property for public use; that the appropriation in fee be determined null and void and it be declared that the defendant took only an easement for sand and gravel and that any measure of damage be on a cubic yard basis. Defendants contend that the necessity and extent of appropriation of property for its public purpose are not subject to review and that any question of damages or the amounts thereof can be properly determined in the Court of Claims. Furthermore, the defendant State of New York contends it is an improper and unnecessary party and that its only function is ministerial in nature as agent of the defendant Authority in the acquisition of the real property in question and also suggests that the complaint seeks relief, if any, that could be afforded under article 78 CPLB.
The main thrust of the plaintiffs’ complaint is not to question the power of eminent domain but rather the manner in which that power has been exercised. Plaintiffs contend that the Authority is empowered by section 1007 of the Public Authorities Law and section 30 of the Highway Law to take “ any and all property necessary * * * including the appropriation of * * * gravel pits.” (§ 30, subd. 2.) Section 30 of the Highway Law further provides: “ The term ‘ property ’ as used in this section is defined to include * * * any and all interests *213 in such property less than full title, such as easements Had the Authority taken only an easement to the property in question, no objection would be made by the plaintiffs but they contend that by taking the absolute fee, when necessity only dictated a lesser estate, the condemnation no longer was for the public use. Hence they argue that the taking of the absolute fee to land approximately two miles from the dam site solely for the purpose of obtaining sand and gravel is not a taking for the benefit of the public, nor can it be justified as a proper exercise of reason, good faith or sound discretion. The land in question they maintain is valueless for any public use other than as a source of gravel and therefore a condemnation of the fee can in no way be in the public interest.
In relation to the motion to dismiss, the courts in this State have followed a rule in declaratory judgment actions that on a motion to dismiss a complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him (Law Research Serv. v. Honeywell, Inc., 31 A D 2d 900; Lanza v. Wagner, 11 N Y 2d 317; Rockland Light & Power Co. v. City of New York, 289 N. Y. 45). The utilization of this remedy requires that plaintiff have a legally protectable interest and that a justiciable controversy exist. These plaintiffs adequately meet this test as property owners and, while circumscribed, the court does have jurisdiction of the subject matter at least insofar as a judicial inquiry will be made as to whether or not the use is a public one (19 N. Y. Jur., Eminent Domain, § 23, p. 213; 29A C. J. S., Eminent Domain, § 89. [1]). I hold, therefore, that the complaint does state a cause of action, jurisdiction of the subject matter is present, and further that the State is a proper party (Matter of City of New York [Flatbush Ave.], 60 Misc 2d 1062; Saso v. State of New York, 20 Misc 2d 826; Cugler v. Power Auth. of State of New York, 4 Misc 2d 879, affd. 4 AD 2d 801, affd. 3 N Y 2d 1006).
The complaint, however, raises issues of fact which preclude the granting of summary relief although this procedure has been utilized in a declaratory judgment action (3 Weinstein-Korn-Miller, N. Y. Div. Prac., par. 3001.13; Shilbury v. Board of Supervisors, 46 Misc 2d 837; Janos v. Peck, 21 A D 2d 529, affd. 15 N Y 2d 509). It would be only in the most clear-cut situation that a summary judgment would be granted against the exercise of the power of eminent domain, since it is only when the limits have been exceeded or the authority abused or perverted that th'e judiciary may restrain the exercise of this power (Brooklyn *214 Park Comrs. v. Armstrong, 45 N. Y. 234). Proof then will be necessary to determine whether the taking in question was in the public interest (Matter of City of New York [Flatbush Ave.], supra). The Authority, as noted above, has been given the authority to take any estate that is necessary, which distinguishes this case from those where no statutory authority for the taking of less than a fee exists (Matter of City of New York [Nostrand Ave.], 163 App. Div. 10; Matter of Brent v. Hoch, 13 A D 2d 505; Sweet v. Buffalo, N. Y. & Philadelphia Ry. Co., 79 N. Y. 293; Eldridge v. City of Binghamton, 120' N. Y. 309).
Accordingly all motions are denied.