CARLTON G. HALLOCK et al., Respondents, *v.* STATE OF NEW YORK et al., Appellants.

Third Department, June 1, 1972.

---

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Douglas S. Dales, Jr.,* of counsel), for State of New York, appellant.

*Scott B. Lilly (John R. Davison* of counsel), for Power Authority of the State of N. Y., appellant.

*John R. Davison* for Perini Corp. and another, appellants.

*Quartararo & Quartararo (Anthony M. Quartararo* of counsel), for respondents.

*Per Curiam.* These are appeals from an order of the Supreme Court at Special Term, entered December 22, 1971 in Schoharie County, insofar as it denied appellants' respective motions to dismiss the complaint.

This action arises out of the appropriation by the State of New York, acting on behalf of the Power Authority of the State of New York pursuant to section 1007 of the Public Authorities Law, of 67.7 acres of unimproved real property owned by respondents located in the Town of Gilboa, Schoharie County. The acquisition was for the purpose of extracting high quality sand and gravel found on the parcel for use in connection with the Blenheim-Gilboa Pumped Storage Power Project, located approximately two miles distant. Following the appropriation of their property, respondents commenced an action in Supreme Court seeking a declaration that: (1) the appropriation of their land in fee so that appellants might take sand and gravel therefrom was an illegal, unauthorized or excessive taking of private property for public use; (2) the State could not legally take their lands in fee if the public use for which they were appropriated was solely to take materials therefrom; (3) the appropriation in fee was null and void and an easement to take sand and gravel was all that was taken; and (4) the measure of damages for material taken from the land be evaluated on a per cubic yard basis. Appellants moved for dismissal on the grounds that the complaint failed to state a cause of action and that the court lacked jurisdiction over the subject matter of the proceeding,

the State of New York also contending that it was not a necessary or proper party.

Upon motions in declaratory judgment actions to dismiss pursuant to CPLR 3211, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, not whether a plaintiff is entitled to a declaration favorable to him (*Lanza* v. *Wagner,* 11 N Y 2d 317, 334; *Law Research Serv.* v. *Honeywell, Inc.,* 31 A D 2d 900). Furthermore, the complaint, when so tested, is to be liberally construed and deemed to allege whatever can be reasonably implied from its factual statements (*Cuglar* v. *Power Auth. of State of N. Y.,* 4 Misc 2d 879, 887, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006). The controverted pleading here does allege a valid cause of action over which the court has jurisdiction, namely, whether by taking respondents' property in fee, rather than taking an easement to remove sand and gravel therefrom, appellants took something that was not necessary to satisfy the public purpose or use for which the property was needed. This question goes to whether the appropriation of the fee of the real property is a public use, a question which may properly be determined by the courts (*Fifth Ave. Coach Lines* v. *City of New York,* 11 N Y 2d 342, 349; *Cuglar* v. *Power Auth. of State of N. Y., supra*), since the taking of property beyond that which is required for the particular public use in question is a violation of constitutional limitations (*Matter of Mayo* v. *Windels,* 255 App. Div. 22, 27, affd. 281 N. Y. 837; *Onondaga Water Serv. Corp.* v. *Crown Mills,* 132 Misc. 848, 855).

Under the statutory scheme established by subdivision 10 of section 1007 of the Public Authorities Law and section 30 of the Highway Law, the State is the agent of the Power Authority in these condemnation proceedings and is a necessary and proper party to the action (*Saso* v. *State of New York,* 20 Misc 2d 826, 830). No cause of action is stated nor relief requested in the complaint with respect to appellants Perini Corporation and Gordon H. Ball, Inc., and the complaint should be dismissed as to them.

The order should be modified, on the law and the facts, by granting the motions to dismiss the complaint as against appellants Perini Corporation and Gordon H. Ball, Inc., and, as so modified, affirmed, without costs.

STALEY, JR., J. (dissenting). The main issues here are whether the Power Authority of the State of New York by its appropriation of respondents' property in fee rather than appropriating an easement to remove sand and gravel therefrom, constituted an appropriation that was necessary for its pur-

poses and for a public use, and whether the court may review its determination.

The Authority is empowered by statute to acquire any property that it finds necessary or convenient to carry out its purposes and "the authority may find and determine that such property is required for a public use". (Public Authorities Law, § 1007; Highway Law, § 30.) There is no question that the Authority, in its construction of the Blenheim-Gilboa Pumped Storage Power Project was engaged in a construction project dedicated to a public use, and that any materials taken from the appropriated property would be used in the construction project, and thus their use would be for a public purpose. Use of the property appropriated as a source of sand and gravel for purposes of constructing a public power project is a public use.

The determination of whether lands are needed for a stated public use is a legislative function, which may validly be delegated to the discretion of an Authority, and the quantum of the property and the quality of the estate appropriated may be found and determined by the Authority. (*Cuglar* v. *Power Auth. of State of N. Y.*, 4 Misc 2d 879, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006; *Kaskel* v. *Impellitteri*, 306 N. Y. 73; *County of Broome* v. *Trustees of First M. E. Church & Soc. of Choconut Creek*, 37 A D 2d 1036; *Harwell* v. *United States*, 316 F. 2d 791.)

In *Cuglar* v. *Power Auth. of State of N. Y.* (*supra*, p. 896), the court stated: "Moreover, insofar as these complaints allege that the premises above the 246 elevation are 'useless' and 'unnecessary', for navigation, commerce or hydroelectric purposes, it must be held that they are insufficient since the necessity for an appropriation of lands for public use is a legislative function, and the instrumentality in which it reposes such powers is the sole judge of the necessity, in lieu of any provision to the contrary."

"The question of whether the fee, or an easement in the property should be taken is a legislative and not a judicial question." (*Matter of City of New York* [*Nostrand Ave.*], 163 App. Div. 10, 12; cf. *Eldridge* v. *City of Binghamton*, 120 N. Y. 309.)

In *Harwell* v. *United States* (*supra*), the appropriation by the Secretary of the Army of property acquired by condemnation for the construction of a dam in Oklahoma for flood control and related purposes was attacked as not acquired for a public use. The property involved was not contiguous or adjacent to the dam site, but did contain rock and stone deposits suitable for use as a constituent element of the dam construction. The court held that the condemnation of the land for such purpose was an appropriate means of effecting a public end, and stated (p. 793):

"In a condemnation proceeding, the court may determine whether the nature of the proposed use is public or private. But in the absence of bad faith, if the use is a public one, the necessity for the desired property or the expediency of appropriating it thereto is not open to judicial determination. It is a matter for the legislative branch of the government, and its determination may be delegated."

There are no allegations of fact in the complaint which would permit a finding that the Authority acted arbitrarily, capriciously or in bad faith. Respondents' complaint does not state a cause of action, and the motions to dismiss the complaint made by the appellants should have been granted.

HERLIHY, P. J., COOKE and SIMONS, JJ., concur in *Per Curiam* opinion; STALEY, JR., and SWEENEY, JJ., dissent and vote to grant motions to dismiss the complaint made by appellants in an opinion by STALEY, JR., J.

Order modified, on the law and the facts, by granting the motions to dismiss the complaint as against appellants Perini Corporation and Gordon H. Ball, Inc., and, as so modified, affirmed, without costs.