■ ROCKLAND COUNTY MULTIPLE LISTING SYSTEM, INC., Appellant, v STATE OF NEW YORK et al., Respondents.—In an action for a declaratory judgment to determine the rights, duties and obligations of the parties with respect to a proposed by-law, the plaintiff appeals from an order of the Supreme Court, Rockland County, dated June 5, 1978, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action. Order reversed, with $50 costs and disbursements, and the defendants' motion is denied. The plaintiff is a membership corporation formed by real estate brokers engaged in business in Rockland County. The plaintiff

adopted a by-law fixing percentages of commissions on the sale of real property payable to brokers under a multiple listing service provided by the plaintiff to its members. The Attorney-General, after investigation, advised the plaintiff that the fixing of commission·rates under the multiple listing system is unlawful price fixing under State law. This action seeks a declaratory judgment adjudicating the rights of the parties under the by-law, on the ground, among others, that "the matter is of urgency so as to provide the greatest possible implementation by sale of various listings and to deal with the members of the membership corporation in a fair and equitable manner all calculated to be for the benefit of those members of the general public who have listed their homes and dwellings for sale with member brokers of the Multiple Listing System." Special Term granted the defendants' motion to dismiss the complaint on the theory that the action in essence is a request for an advisory opinion as to the validity of the by-law. There appears on this record to be a genuine controversy between the plaintiff and the Attorney-General as to whether, on the conceded facts, the by-law apportioning commissions would constitute a violation of the State antitrust law. Moreover, it is clear that a violation of the law would impose potentially grave civil and criminal penalties on the plaintiff and its members. Hence, there is neither an abstract question to be determined, nor an advisory opinion to be rendered by the court in the declaratory judgment action. "Underlying the policy which sanctions the use of the action is the concept that it will serve some useful purpose to the parties, e.g., to settle controversy and discourage potential litigation" (Krieger v Krieger, 25 NY2d 364, 366). "Resort to this remedy and also to that of an injunction may be had even with respect to penal statutes and against a public official or public agency whose duty it is to conduct appropriate prosecutions, if the purpose be to avoid irreparable injury and if the sole question is one of law" (De Veau v Braisted, 5 AD2d 603, 606-607, affd 5 NY2d 236, affd 363 US 144). We think both the policy of the law and the purpose of a declaratory judgment are satisfied by the complaint in this action (see Acorn Employment Serv. v Moss, 292 NY 147, 153; Board of Coop. Educ. Servs., Sole Supervising Dist., Nassau County v Goldin, 38 AD2d 267, 272). Reed v Littleton (275 NY 150), cited by Special Term, and the Attorney-General on this appeal, is distinguishable. Here, unlike Reed, the facts are conceded, and the only dispute relates to the application of the law and the jural relationship of the parties (see New York Foreign Trade Zone Operators v State Liq. Auth., 285 NY 272; Dun & Bradstreet v City of New York, 276 NY 198, 206). The Attorney-General argues that there is no need for this action since he has not threatened immediate prosecution. It is enough, however, that the Attorney-General has the power to prosecute the plaintiff or its members and has taken the position that the by-law violates the State antitrust law (see Quaker Oats Co. v City of New York, 295 NY 527, 537-538). His present temper or inclination is not conclusive. The Attorney-General also argues that the by-law patently violates the law and the plaintiff does not present a genuine controversy. In all of the Federal cases cited by the Attorney-General, except one in the District Court of Virginia (Oglesby & Barclift v Metro MLS, CCH Trade Cases, par 61,064 [E D Va, 1976]), the prohibition against commission splitting was entered as a part of negotiated consent decrees. (See, also, Bryan v Stillwater Bd. of Realtors, 578 F2d 1319; McLain v Real Estate Bd. of New Orleans, 583 F2d 1315; Diversified Brokerage Servs. v Greater Des Moines Bd. of Realtors, 521 F2d 1343; Fair Housing Council of Bergen County v Eastern Bergen County Multiple Listing Serv., 422 F Supp 1071; cf. Kline v Coldwell, Banker & Co.,

508 F2d 226, cert den 421 US 963.) The controversy between the parties relating to the application of the State antitrust law has not been before the courts of this State. We therefore reverse and deny the motion to dismiss the complaint. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.