■ CARLTON G. HALLOCK et al., Appellants, v STATE OF NEW YORK et al., Respondents, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered September 21, 1981 in Schoharie County, upon a decision of the court at Trial Term (Weiss, J.), without a jury. This matter has been previously before us. Plaintiffs' land was appropriated on August 14, 1969 by the Power Authority of the State of New York through the State of New York. Plaintiffs challenged the taking and sought a declaratory judgment, contending that the State exceeded the power of eminent domain by taking the land in fee. A denial of cross motions for summary judgment was upheld by this court (39 AD2d 172) and the Court of Appeals (32 NY2d 599), and the matter was remitted for a trial on the merits in Supreme Court in Schoharie County. The trial was to be held on April 22, 1975. On that day, a stipulation was put on the record which provided for a discontinuance of the action along with another action pending between the parties in the Court of Claims in exchange for a reconveyance of the property to plaintiffs and retention of $7,500 previously paid to them by the State. Plaintiff Seeley Phillips was present on that date but plaintiff Carlton Hallock was absent due to illness, resulting in his hospitalization that day. By order entered August 9, 1976, the stipulation was set aside by Special Term on plaintiffs' motion. That order was reversed by this court (58 AD2d 67) on procedural grounds. We held that a plenary action was necessary to set aside a discontinuance of any action and the matter was remitted for a trial. A trial of this newly commenced action to set aside the stipulation of settlement was held in October, 1980. A judgment was rendered granting specific performance of the agreement to defendants and dismissing plaintiffs' causes of action. Defendant Quartararo and Quartararo, Esqs., former counsel for plaintiffs was dropped as a party on consent of all litigants. This appeal by plaintiffs ensued. In their complaint, plaintiffs had alleged that they never consented to, approved, confirmed or ratified the settlement; that their attorney acted without their authority in reaching the settlement; and that they did not realize that the proceedings of April 22, 1975 finally disposed of the action. They sought rescission of the settlement and a trial on the merits. Defendants generally denied the allegations of the complaint and interposed affirmative defenses of failure to state a cause of action, ratification of the settlement by plaintiffs and laches. In its findings, the trial court found no partnership existed between plaintiffs so that neither could bind the other. The court held that a stipulation was made by counsel in open court in conformity with CPLR 2104; that mutual mistake was not proven; that the stipulation finally disposed of the proceedings and that the attorney, Quartararo, had plaintiffs' authority to represent them and to negotiate for them in court. The court found that plaintiff Phillips gave tacit approval to the settlement by his presence in court and that plaintiff Hallock gave Quartararo unqualified authority to act for him and, as a result, the stipulated settlement was binding on plaintiff Hallock as well. Plaintiffs challenge the findings of fact as not being supported by evidence and also raise what we deem a meritorious argument as to some evidentiary rulings of the court. During the course of the trial, in several instances, defense counsel read into evidence selected excerpts from plaintiffs' depositions before trial. Plaintiffs' counsel then sought to read other portions thereof pursuant to CPLR 3117 (subds [b], [d]), which were offered as being explanatory and relevant and which he contended indicated that plaintiffs consistently maintained that their attorney reached a settlement in direct contradiction of their explicit orders. The trial court disallowed such request on the rationale that excerpts from an examination before trial can be used on cross-examination for impeachment but not on direct or redirect examination. We hold that this ruling contravenes CPLR 3117 (subd [b]), which entitles a party to introduce into

evidence his deposition taken before trial to correct a false impression that reading only a part of the statement may give. Such evidence is not presented to bolster a witness' testimony but rather simply to remedy any misimpression resulting from a selective reading of a deposition. This ruling was particularly damaging to plaintiffs' contentions in that it hampered their counsel in presenting pertinent and explanatory testimony on the crucial issues of the extent of plaintiffs' attorney's authority to settle the case, on whether they understood that the settlement finally disposed of the case, and on their own credibility and consistency of position. The gravity of such rulings is underscored in the trial court's decision which focused on plaintiff Hallock's lack of credibility and its finding of approval of the settlement by plaintiff Phillips. Had plaintiffs' counsel been permitted to present the full context of testimony on which these conclusions were made, the trial court may well have come away with a different impression. We find that plaintiffs were put at a prejudicial disadvantage by these rulings. However, moving on to plaintiffs' further contention that the trial court's finding was against the weight of the evidence, the record discloses that this matter is now some 13 years old. Plaintiffs have pursued their claims against the State assiduously. When their land was taken by the State, it was farmable and it contained a rich lode of gravel and sand. While in the State's possession, the State took over 600,000 cubic yards of sand and gravel from it. This destroyed the land's farmability and left the property considerably depleted of its natural asset. Plaintiffs were also confronted by substantial legal fees as a result of the protracted litigation. One thing leaps from the record which has not been contradicted by any of the three principals on one side of the stipulation, that is, plaintiffs' counsel, Quartararo, had reported the State's offer to plaintiffs as late as three days before trial. He was told then by both plaintiffs that it was unsatisfactory. His own testimony at the examination before trial is in conformity with plaintiffs' position. He testified that he knew that he did not have the power to settle the case on the proposed terms and that he was to attempt to get more money or try the case. His treatment of his clients was, to say the least, cavalier. Plaintiff Phillips was allowed to come in and listen to the settlement proceedings. He was instructed to remain silent by Quartararo. Counsel never apprised the trial court that his other client, plaintiff Hallock, was ill, nor did he call Phillips forward to confirm his approval of the settlement. In view of this uncontradicted evidence of lack of authority, the decision below cannot stand. An unauthorized settlement is a nullity and unenforceable and may be set aside on reasonable application (*Leslie v Van Vranken*, 24 AD2d 658). Plaintiffs moved expeditiously to set aside the settlement. They informed the Power Authority on July 10, 1975 that they would not consent to the stipulated settlement. They paid their attorney $14,000 to secure their file and quickly secured new counsel to commence legal proceedings. These were commenced in October, 1975. Their application for relief was in all respects timely made. Plaintiffs are entitled to their day in court on the merits. Judgment reversed, on the law and the facts, the April 22, 1975 stipulation of settlement is vacated and the actions of plaintiffs in the Supreme Court and Court of Claims are restored to their respective calendars, with costs. Main, Mikoll and Levine, JJ., concur; Mahoney, P. J., concurs in part and dissents in part in a memorandum; Yesawich, Jr., J., dissents and votes to affirm in a memorandum.

Mahoney, P. J. (concurring in part and dissenting in part). I cannot agree with the majority's conclusion that the judgment directing specific performance by plaintiffs of the stipulation of settlement should be reversed, the stipulation vacated and the matter restored to the Trial Calendar. Since a fundamental evidentiary error was committed by the trial court, an error that cannot be disregarded as nonprejudicial, the matter should be remanded to a

motion term presided over by Justice Pennock, before whom the stipulation was entered upon the record, with the instruction that he hold an evidentiary hearing testing plaintiffs' attorney's authorization to settle the lawsuit (see *Teitelbaum Holdings v Gold,* 48 NY2d 51 [plenary action is unnecessary and enforcement of stipulation to be determined on motion]). As pointed out by the majority, the trial court clearly erred when it denied plaintiffs' counsel the right to read portions of plaintiffs' deposition before trial which were relevant to portions of the same examination read into evidence by defense counsel (CPLR 3117, subds [b], [d]). The error was grossly prejudicial since it was directly related to the sole issue to be resolved, i.e., the authority of plaintiffs' counsel to settle the case by a stipulation of discontinuance. Finally, since the sole issue that was tried below was the sufficiency of the stipulation, the majority's holding would have the effect of returning the matter to the Trial Calendar for the entry of a declaratory judgment in favor of plaintiffs declaring the stipulation a nullity. This position is bottomed not merely on the evidentiary error discussed above, but also on equitable considerations (i.e., the case is now 13 years old, plaintiffs have pursued their claim assiduously, the State destroyed the farmability of the land before it offered to return it to plaintiffs and plaintiffs were forced to pay substantial legal fees because of the protracted litigation) which, in my view, are not germane to the issue of plaintiffs' attorney's authorization. I also cannot agree with the majority's position that plaintiffs' attorney's testimony at the examination before trial is in conformity with plaintiffs' position. In my view, his testimony is equivocal and is without the requisite degree of objectivity that should be present to justify reversal of a judgment in favor of a defendant resisting a declaratory judgment action seeking to set aside a stipulation of discontinuance, a device much encouraged in the law. I would reverse the judgment and remand the case for a hearing to test the sufficiency of plaintiffs' attorney's authorization.

Yesawich, Jr., J. (dissenting). I would affirm. A stipulation of settlement which meets the open court requirements of CPLR 2104 cannot be set aside except for reasons that would invalidate a contract (see *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 446). Here, the ground advanced for setting aside the stipulation, plaintiffs' claimed mistake, is not even remotely borne out by the evidence. Plaintiff Phillips, who was not only present in chambers when the settlement was entered into but also had his personal attorney by his side, never uttered a word of discontent with, nor had his personal attorney register any objection to, the terms of the settlement arrived at by defendant Quartararo, the trial counsel. Given these circumstances, Phillips is foreclosed from challenging the settlement. Plaintiff Hallock also cloaked attorney Quartararo with apparent, if not real, authority to settle and, therefore, he too should be barred. Quartararo had represented these plaintiffs for five years throughout the entire action; he had conducted examinations before trial, negotiated with the State on plaintiffs' behalf and prepared for trial. Although plaintiffs maintain he exceeded his settlement authority with regard to the particular terms of the final settlement, it is uncontroverted that he did indeed have authority to negotiate on their behalf. These established facts, considered in conjunction with the principle that an attorney participating in a pretrial conference must have authority to negotiate binding settlements and his appearance constitutes apparent and implied authority to obligate his client unless expressly qualified (*Di Russo v Grant,* 28 AD2d 847), requires a finding that this settlement was conclusive on the parties. To decide otherwise invites destruction of the process of open-court settlements, for every such settlement would be liable to subsequent rescission by the simple expedient of a litigant's self-serving assertion, joined in by his attorney and previously uncommunicated to either the court or others involved in the settlement, that the litigant

had limited his attorney's authority. The possibilities for abuse which this practice would lend itself to are self-evident. While the trial court's refusal to allow plaintiff Phillips to read clarifying portions of his examination before trial was error, in my view it was harmless, for as already noted Phillips was bound by Quartararo's actions. As for plaintiff Hallock, the court's refusal to allow clarifying passages to be read from his deposition was also harmless error, but for a different reason. In the three instances defendants used Hallock's deposition to impeach, the issues raised were collateral to the question of his attorney's authority to settle on his behalf. Moreover, the trial court's finding that it lacked confidence in the credibility of Hallock's testimony went beyond inconsistencies between his deposition and trial testimony; it was based on Hallock's failure to recall many events and communications as well as inconsistencies which permeated his in-court testimony. Furthermore, in arriving at that conclusion the trial court had what we lack, the invaluable advantage of observing the witness testify. Accordingly, I would affirm the judgment entered below.