OPINION OF THE COURT
John Copertino, J.
Motion to dismiss the second amended complaint granted; cross motion to compel service of an answer denied as moot.
This is an action seeking a declaration that section 145-9 of chapter Í45 of the Ocean Beach Code, as amended by Local *317 Laws, 1990, No. 3 of the Village of Ocean Beach, is null and void (CPLR 3001). Plaintiff also seeks a declaration that "Local Law 3 of 1990 is in violation of 42 USC § 1983,” an injunction against enforcement of the new law, money damages and a reasonable attorney’s fee.
The bases of the present motion are that the pleading fails to state a cause of action/fails to present a justiciable controversy (CPLR 3211 [a] [7]), and, relatedly, that plaintiff lacks standing to maintain the action (CPLR 3211 [a] [3]).
As this is a preanswer motion to dismiss, so much of the application which is based on a CPLR 3211 (a) (7) ground must be weighed against the well-established standard that, if from the four corners of the pleading factual allegations are discerned which taken together manifest any cause of action cognizable at law, a motion for dismissal should fail; further, when evidentiary material is considered (as here), the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one (Guggenheimer v Ginzburg, 43 NY2d 268). Even when so considered, however, it is apparent that plaintiff neither states nor possesses a legally cognizable cause of action against defendant.
The second amended complaint alleges that plaintiff is a resident and taxpayer, and that he owns a restaurant and business in the village. Plaintiff further alleges that the statute about which he complains reads as follows:
"§ 145-9. Consumption of food and beverages in public places prohibited.
"A. No person shall consume or drink any beverage on any beach, park, walk, road or other public place, except from a public water fountain, in the Village. No person shall consume any food on any beach in the Village.
"B. No person shall have or hold a picnic or lunch basket party on any walk, road, beach, park or other public place in the Village.
"C. All commercial establishments within the village selling food or foodstuffs shall prominently display in letters at least one (1) inch in height at each exit door, the following statement: NO EATING OR DRINKING PERMITTED ON THE PUBLIC WALKS OR PUBLIC PLACES WITHIN THE VILLAGE OF OCEAN BEACH. VIOLATORS SUBJECT TO FINES AND/OR IMPRISONMENT.”
Plaintiff claims that the language "picnic or lunch basket party” is impermissibly vague inasmuch as a person of ordinary intelligence would be unable to ascertain the scope of the *318 ban, and asserts that this prohibition, as well as the total ban on drinking (excepting drinking from public water fountains) is illegal per se. He also alleges that subdivision (C) appears to be broader than the bans contained in subdivisions (A) and (B) and therefore is inconsistent and confusing.
Plaintiff alleges harm as follows: as a result of this law he is deprived of the "basic and fundamental right” to consume beverages and from holding a picnic in public places; he has suffered and will suffer loss as a businessman because people will be arrested under the law, will not return to the village to face charges thereby forfeiting bail and thus will not frequent his establishment nor those of his mortgagors (causing inability to meet payments under the notes); and, finally, that adverse publicity resulting from enforcement will discourage members of the public from coming to the village at all, which also will damage his business.
The court concludes that to the extent this suit is founded on harm to his business interests plaintiff has failed to allege a justiciable controversy. What is alleged does not meet the test of presenting a controversy which is " 'definite and concrete’ ”, " 'real and substantial’ ” or admits " 'of specific relief through a decree of a conclusive character’ ” (New York State Assn. of Ins. Agents v Schenck, 44 AD2d 757, 758, quoting Aetna Life Ins. Co. v Haworth, 300 US 227, 240-241). None of the allegations made here indicate more than speculation as to the harm section 145-9 will cause plaintiff as a businessman. Although he alleges facts tending to show that this legislation is but the latest installment of similar restrictions, this court has been asked to rule on the new law only, which varies from its predecessor and which dates from April 1990; nothing concrete by way of injury resulting from that law is alleged and plaintiff’s assertions are little more than guesswork as to what might occur in the future. Moreover, in order to establish standing more must be claimed than that government regulations will adversely affect plaintiff’s competitive position inasmuch as this is not an interest protected by zoning laws (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 415). As movant correctly points out, the remedy for such injury lies in the legislative, not judicial, sphere. In sum, given the absence of allegations of actual present harm a ruling here would be little more than a hypothetical adjudication because the existence of a true "controversy” regarding plaintiff’s business is at best dependent upon the happening of future events (see, Prashker *319 v United States Guar. Co., 1 NY2d 584), and to the extent that loss of business is alleged such controversy would not be subject to judicial intervention in any event.
As an individual plaintiff also lacks standing and fails to present a justiciable controversy. He asserts violation of a constitutional right to eat and drink in public places without restriction, but cites no authority for this dubious proposition —which is not surprising in view of the fact that such right ultimately would mean the end of all such governmental regulations nationwide. Further, he does not allege that as a member of the public he has been or might be ticketed or arrested because the allegedly vague and confusing nature of the regulations disables him from knowing when he is in violation of the law; rather, he claims that some other person of ordinary intelligence might. No facts concerning any other person are alleged in support of this assertion — and it should be noted that this is plaintiff’s lawsuit, no one else’s. The court does find that subdivision (C) is arguably more restrictive than (A) or (B) and thus some confusion is possible on that score. However, an individual would be less, not more, likely to run afoul of the new law by adhering to the posted prohibition described in subdivision (C).
The only other basis for standing would be plaintiff’s status as a resident and taxpayer, which, as movant correctly states, also is inadequate. A " 'generalized grievance’ ” shared in substantially equal measure by all of a large class of citizens normally does not warrant exercise of jurisdiction (Warth v Seldin, 422 US 490, 499).
In view of the foregoing, the court has been presented neither with a controversy susceptible of judicial resolution nor with a plaintiff alleging a type of harm sufficient to give him capacity to sue. The complaint is dismissed.