■ LEE POKOIK, Appellant, v VILLAGE OF OCEAN BEACH, Respondent.—In an action for a judgment declaring unconstitutional Village of Ocean Beach Code § 145-9, prohibiting public consumption of food and beverages, and permanently enjoining the defendant Village of Ocean Beach from enforcing that provision, the plaintiff appeals from an order of the

Supreme Court, Suffolk County (Copertino, J.), dated July 31, 1990, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (7) for lack of standing to sue and for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff is the owner of a restaurant and dancing establishment located in the defendant Village of Ocean Beach. Pursuant to Village of Ocean Beach Code § 145-9 (A), no beverages may be consumed in any public place in the Village, except water from public fountains. In addition, no food may be consumed on any beach in the Village. Village of Ocean Beach Code § 145-9 (B) prohibits the holding of picnics in all public areas of the Village. Village of Ocean Beach Code § 145-9 (C) requires prominent signs containing the following statement to be posted at all commercial establishments in the Village engaged in the selling of food stuffs: "NO EATING OR DRINKING PERMITTED ON THE PUBLIC WALKS OR PUBLIC PLACES WITHIN THE VILLAGE OF OCEAN BEACH. VIOLATORS SUBJECT TO FINES AND/OR IMPRISONMENT".

In his second amended complaint the plaintiff asserted that the Village of Ocean Beach Code § 145-9 was unconstitutionally vague and that it violated his right to eat and consume beverages in public without restriction. The complaint also alleged that the plaintiff's right to carry on a lawful business was being unlawfully infringed because persons prosecuted under section 145-9, and members of the public who are made aware of such prosecutions, would choose not to visit Ocean Beach, and as a result, would not patronize the plaintiff's establishment.

The Supreme Court properly dismissed the complaint for the related reasons that it fails to set forth a justiciable controversy and does not establish the plaintiff's standing. The plaintiff's attempt to predicate standing on some unspecified right to eat and drink in public without restriction fails because no such protected interest exists (see, Cherry v Koch, 126 AD2d 346, 351-352; Fagan v Axelrod, 146 Misc 2d 286, 292). In addition, the alleged injury to the plaintiff's business is too remote and incidental in nature to establish standing to demand a judgment declaring the ordinance invalid (see generally, 24 Carmody-Wait 2d, NY Prac § 147:28; Annotation, Interest Necessary to Maintenance of Declaratory Determination of Validity of Statute or Ordinance, 174 ALR 549, 558). In effect, the plaintiff's allegations of harm to his business interests is simply an attempt to predicate standing upon the

nonexistent right of the public at large to eat and drink in public places without restriction.

Because the complaint fails to identify any legally protected interest of the plaintiff that is violated by Village of Ocean Beach Code § 145-9, no justiciable controversy is presented upon which the courts may properly render a declaratory judgment *(see,* CPLR 3001; *Hallock v State of New York,* 68 Misc 2d 211, 213, *mod on other grounds* 39 AD2d 172, *affd* 32 NY2d 599; *see also,* 43 NY Jur 2d, Declaratory Judgments, § 5). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur. *[See,* 148 Misc 2d 316.]