WATERWAYS DEVELOPMENT CORPORATION, Appellant, v JOHN JAY LAVALLE et al., Respondents. [813 NYS2d 485]—

In an action for a judgment declaring, inter alia, that a certain variance is valid, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 12, 2004, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court did not err in determining that declaratory relief was not warranted and dismissing the complaint. Pursuant to CPLR 3001, the Supreme Court may render a declaratory judgment as to the rights of the parties when there is a justiciable controversy. A justiciable controversy must involve a present, rather than hypothetical, contingent or remote, prejudice to the plaintiff (*see American Ins. Assn. v Chu*, 64 NY2d 379, 383 [1985], *cert denied* 474 US 803 [1985]). The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination (*see generally Bauer v Roman Catholic Diocese of Albany*, 91 AD2d 730 [1982]; *Park Ave. Clinical Hosp. v Kramer*, 26 AD2d 613 [1966], *affd* 19 NY2d 958 [1967]). Generally, one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]).

Here, there is no present prejudice to the plaintiff. The plaintiff has not applied for a building permit for the residential units involving the variance at issue. Therefore, there has been no final determination as to the validity thereof or of the plaintiff's right to build those residential units. The only challenged actions are conversations with, and letters from, various Town of Brookhaven officials, none of which have any final effect on the validity of the variance at issue and/or the issuance of a building permit allowing the construction of the units. Thus, this dispute is not ripe for judicial review, and there is no justiciable controversy upon which the court may properly

render a declaratory judgment (*see Matter of United Water New Rochelle v City of New York*, 275 AD2d 464, 466 [2000]; *Pokoik v Village of Ocean Beach*, 184 AD2d 499 [1992]).

Furthermore, the plaintiff has not yet exhausted its administrative remedies. Procedures are still available to it, including an application for a building permit from the Town building department (*see Jenkins v State of N.Y. Div. of Hous. & Community Renewal*, 264 AD2d 681 [1999]).

Nor has the plaintiff shown that any resort to the administrative remedy of seeking a building permit would be futile. There was no evidence that the Town had a long-standing policy contrary to the plaintiff's position (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, supra* at 142-143), or that the plaintiff was unlikely to receive an unbiased review from the Town boards (*cf. Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health*, 168 AD2d 847, 849 [1990]). Florio, J.P., Rivera, Fisher and Lunn, JJ., concur.