■ ASHLEY BUILDERS CORP., Appellant, v TOWN OF BROOKHAVEN, Respondent. [833 NYS2d 230]—

In an action for a judgment declaring that the defendant effected an unconstitutional taking by imposing certain conditions on the issuance of a certificate of occupancy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated February 2, 2006, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

"A justiciable controversy must involve a present, rather than hypothetical, contingent or remote, prejudice to the plaintiff" (*Waterways Dev. Corp. v Lavalle*, 28 AD3d 539, 540 [2006], citing *American Ins. Assn. v Chu*, 64 NY2d 379, 383 [1985], *cert denied* 474 US 803 [1985]). "The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination" (*Waterways Dev. Corp. v Lavalle, supra* at 540).

Here, the record shows that the plaintiff did not apply for a certificate of occupancy for the single-family dwelling that it intends to build on the subject property, and that the defendant has not made a final determination denying the plaintiff a certificate of occupancy. Thus, this dispute is not ripe for judicial review, and there is no justiciable controversy upon which the court may properly render a declaratory judgment. Under these circumstances, the Supreme Court correctly granted the defendant's motion to dismiss the complaint (*see* CPLR 3211 [a] [7]; *Weingarten v Town of Lewisboro*, 77 NY2d 926 [1991]; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510 [1986], *cert denied* 479 US 985 [1986]; *Waterways Dev. Corp. v Lavalle, supra* at 540). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.