In a hybrid proceeding pursuant to CFLR article 78 to review a determination of the Commissioner of Fublic Works of the City of Middletown dated March 26, 2010, purportedly declining to review the petitioner/plaintiff’s application for approval to connect a building to the sewer system of the City of Middletown unless and until the petitioner/plaintiff paid for the reconstruction, repair, or replacement of a certain existing sewer line owned and operated by the City of Middletown, and action for a judgment declaring, among other things, that a city may not require a city school district to pay for the reconstruction, repair, or replacement of an existing city sewer line as a precondition to the consideration and review of any application by the school district for a permit connecting a school district’s new building to that sewer line, the respondents/defendants appeal from an order and judgment (one paper) of the Supreme Court, Orange *841 County (Lubell, J.), dated January 26, 2011, which, in effect, granted the petition, annulled the determination, granted the petitioner/plaintiff s motion for summary judgment declaring, inter alia, that a city may not require a school district to pay for the reconstruction, repair, or replacement of an existing city sewer line as a precondition to the consideration and review of any application by a city school district for a permit to connect its new building to that sewer line, and, in effect, denied the respondents/defendants’ application to dismiss the complaint as premature.
Ordered that the order and judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, the petitioner/plaintiff s motion is denied, the respondents/defendants’ application is granted, and the complaint is dismissed as premature.
The Supreme Court “may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed” (CPLR 3001). However, New York courts do not issue advisory opinions (see e.g. Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]). Thus, a declaratory judgment should only be granted when it will have a direct and immediate effect upon the rights of the parties (see Koehler v Town of Smithtown, 305 AD2d 550, 551 [2003]; Matter of United Water New Rochelle v City of New York, 275 AD2d 464, 466 [2000]; cf. Hussein v State of New York, 81 AD3d 132, 135 [2011]; Rockland County Multiple Listing Sys. v State of New York, 72 AD2d 742 [1979]). “The doctrine of exhaustion of administrative remedies applies to actions for declaratory judgments,” although there are exceptions available where, inter alia, “resort to administrative remedies would be futile or would cause irreparable injury” (Town of Oyster Bay v Kirkland, 81 AD3d 812, 815 [2011], lv granted 17 NY3d 716 [2011]; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Slater v Gallman, 38 NY2d 1, 3-4 [1975]). In order to be amenable to declaratory relief, “[t]he dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination” (Waterways Dev. Corp. v Lavalle, 28 AD3d 539, 540 [2006]; see Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442 [2007]; Bauer v Roman Catholic Diocese of Albany, 91 AD2d 730 [1982]). Consequently, the request for a declaratory judgment is premature “if the future event is beyond the control of the parties and may never occur” (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977]; see American Ins. Assn. v Chu, 64 NY2d 379, 385 [1985], cert denied *842 474 US 803 [1985]; Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc., 53 AD3d 767 [2008]; Tucci v Talon Seafood S., Inc., 27 AD3d 642, 644 [2006]; Kings Park Indus., Inc. v Affiliated Agency, Inc., 22 AD3d 466, 467 [2005]). The threat of a hypothetical, contingent, or remote prejudice to a party does not represent a justiciable controversy (see Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442 [2007]; Waterways Dev. Corp. v Lavalle, 28 AD3d at 540; Fragoso v Romano, 268 AD2d 457 [2000]).
Here, the record reveals that the petitioner/plaintiff (hereinafter the petitioner) commenced the instant hybrid proceeding and action in the midst of discussions with the respondents/defendants (hereinafter the appellants) regarding the petitioner’s application for a water and sewer permit to service the new building it planned to construct. However, there is no evidence that the appellants ever refused to review the petitioner’s permit application or asserted a formal set of conditions that the petitioner had to meet before the permit application would be reviewed. Moreover, there was no denial of the permit application, and the permit was not issued subject to any set of conditions. Rather, the evidence showed that the Commissioner of Public Works of the City of Middletown, who was responsible for reviewing the application and issuing the permit (see Code of City of Middletown § 389-1 [A]), did not receive the properly stamped plans from the petitioner, which were necessary to review the permit application, until the same day that the instant proceeding/action was commenced. Thus, the underlying dispute concerning the extent of the City’s authority is not ripe for judicial review, and there is no justiciable controversy upon which the court may properly render a declaratory judgment (see Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn., 71 AD3d 679, 680-681 [2010]; Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442 [2007]; Waterways Dev. Corp. v Lavalle, 28 AD3d at 540; Fragoso v Romano, 268 AD2d 457 [2000]).
Since there is no evidence that the appellants refused to review the petitioner’s permit application, the petition seeking relief pursuant to CPLR article 78 must be denied.
In light of our determination, the appellants’ remaining contentions have been rendered academic. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.