Sternlicht v Daniel Z. Rapoport Assoc., L.P. (2019 NY Slip Op 08141)





Sternlicht v Daniel Z. Rapoport Assoc., L.P.


2019 NY Slip Op 08141


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10326 653882/18

[*1] Mark L. Sternlicht Revocable Trust, et al., Plaintiffs-Appellants,
v
Daniel Z. Rapoport Associates, L.P., et al., Defendants-Respondents.


Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for appellants.
Pashman Stein Walder Hayden, P.C., Purchase (Sean Mack of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 20, 2019, which denied plaintiffs' motion for summary judgment, and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The motion court correctly dismissed the claim for dissolution of 333 East 54th Street LLC (LLC) based on LLC Member Ben-Zvi's death. The court's interpretation of the LLC's Operating Agreement accords the provisions of the agreement their fair and reasonable meaning (see Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 140 [1st Dept 2008]). When Ben-Zvi died, his niece and nephew automatically became Substitute Members under ¶ 10.3(d) of the Operating Agreement, and since 11 years then elapsed without complaint by plaintiffs, plaintiffs were deemed to have consented to the LLC's continuation for purposes of ¶ 12.1(c), which did not require written consent (cf. ¶ 12.1[b]).
Plaintiffs' contention that the court essentially mooted the consent requirement of ¶12.1 is belied by the court's order, which also shows that the court correctly treated the admission of transferees as Substitute Members and the question of the LLC's continuation after a Member dies as separate issues.
Plaintiffs object to the court's assumption that a niece and nephew are "family" for purposes of ¶ 10.3(d). However, there are no limitations on degrees of kinship in the Operating Agreement. Plaintiffs also challenge the court's implied assumption that Ben-Zvi's intestate transfer sufficed for purposes of ¶ 10.3, but they offer no grounds for finding that it would not suffice. Their contention that the requirement of assuming the obligations of a transferor Member is not waived for family transferees is not supported by ¶ 10.3(d).
Plaintiffs' argument that the court's ruling yields absurd results is also unavailing. If a Member wished to bequeath the value of his or her membership interest in the LLC without standing in the way of the LLC's dissolution, then he or she could transfer or bequeath the unit(s) of Membership without the family member transferee also becoming a Substitute Member, a transaction contemplated in ¶ 10.4.
The court did not address plaintiffs' stated lack of knowledge of Ben-Zvi's death. However, plaintiffs failed to raise an issue of fact on this point. The complaint does not allege that plaintiffs did not know about Ben-Zvi's death at the time he died. To the extent the issue is raised, it is alluded to obliquely, via allegations "on information and belief" about his death in 2007. Moreover, neither in the complaint nor in their affidavits on summary judgment do plaintiffs state when, or how, they actually learned of his death.
Other evidence supports the inference that even plaintiffs did not view the LLC as having been dissolved at any time preceding this litigation. Their 2010 purchase, with other Members, of the interest in the LLC held by deceased Member Boris Lurie strongly suggests that they believed that the LLC could simply continue after Lurie's 2008 death if no contrary steps were [*2]taken by Members. Their contention that they bought, at most, an economic interest is unsupported by the record, and their purchase looks no different on the transfer ledger from the membership interest transfers recorded there. Plaintiffs contend that the LLC was already discontinued by then and that it made economic sense to buy an interest in a dissolved LLC in the "winding up phase." However, the record does not show that plaintiffs believed that the LLC was winding up at the time they bought Lurie's interest, and the fact that it has not yet wound up is part of their claim against defendants.
Moreover, a year later, plaintiffs transferred Mark Sternlicht's "entire membership interest" to plaintiff Sternlicht Trust, and they make no argument that this transfer was limited to economic interests in a dissolved LLC.
The court did not address plaintiffs' alternative request for a declaration that the LLC will dissolve upon the death of the next natural person Member, thereby correctly refraining from engaging in the hypothetical predictions that a ruling would have required (see Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442 [2d Dept 2007]; Clarendon Place Corp. v Landmark Ins. Co., 182 AD2d 6, 10 [1st Dept 1992], appeal dismissed 80 NY2d 918 [1992]). There is no present controversy as to the impact of the next natural person Member's death on the continuation of the LLC. Plaintiffs argue reasonably that the death of a natural person Member at some point in the future is inevitable. However, their argument assumes that the next Member to die will be a defendant. The death of a plaintiff Member would have a
very different effect on the likelihood of the LLC's continuation than the death of a defendant Member.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK