Village of Pelham Manor v Crown Communication N.Y., Inc. (2023 NY Slip Op 06399)

Village of Pelham Manor v Crown Communication N.Y., Inc.

2023 NY Slip Op 06399

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-01386
 (Index No. 59369/20)

[*1]Village of Pelham Manor, et al., appellants,
v
Crown Communication New York, Inc., et al., respondents.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Mark Goreczny, and Lisa Colosi Florio of counsel), for appellants.
The Murray Law Firm, PLLC, Clifton Park, NY (Jacqueline Phillips Murray of counsel), for respondent Crown Communication New York, Inc.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Grace X. Zhou of counsel), for respondents New York State Department of Transportation, New York State Police, and State of New York.

DECISION & ORDER
In an action, inter alia, for a declaratory judgment and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 26, 2021. The order granted the separate motions of the defendants New York State Department of Transportation, New York State Police, and State of New York and the defendant Crown Communication of New York, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiffs commenced this action in August 2020 against Crown Communication of New York, Inc. (hereinafter Crown), the New York State Department of Transportation (hereinafter the DOT), the New York State Police, and the State of New York, seeking declaratory relief, a permanent injunction enjoining Crown from constructing a certain telecommunications tower, and for a money judgment awarding attorneys' fees. The plaintiffs alleged, inter alia, various negative impacts related to the construction of the telecommunications tower.
In 1997, the New York State Police, on their own behalf, and on behalf of other participating State agencies, including the DOT, entered into a "Telecommunications Site Manager Service Agreement" (hereinafter the agreement) with Castle Tower Holding Corp. (hereinafter Castle). Thereafter, Castle assigned its rights under the agreement to Crown. Pursuant to the agreement, Crown is authorized, inter alia, to develop telecommunication towers, commonly known as "cell towers," on State land. The agreement provides that "[t]he State shall be the legal and equitable owner of any existing Facilities and all new Facilities." Pursuant to section 2(E) of the agreement, prior to any proposed installation of a telecommunications tower, Crown is required to [*2]provide to the State a schedule that contains the information set forth in that section, which includes, among other things, an environmental assessment, drafts of any documents required by the State Environmental Quality Review Act (hereinafter SEQRA), draft site plans and design specifications, a description of State action required, and local approvals, if any, required. Section 2(E) further provides that the State shall review the schedule, and within 30 days of receipt, the State shall notify Crown in writing of its approval or disapproval of the project. Failure to do so "shall constitute approval of such installation for purposes of [the] Agreement."
In 2019, Crown proposed to install a telecommunications tower adjacent to an exit on the Hutchinson River Parkway. In response to letters from the plaintiffs' counsel regarding various concerns about the project, by letter dated June 17, 2020, the DOT acknowledged that Crown was taking soil samples, but wrote that "[t]his is one of the steps necessary for the preparation of materials for an environmental assessment" under SEQRA. The letter also advised that an environmental assessment is "still being developed, [and] conjecture regarding potential environmental impacts and whether more detailed study thereof may be required, would be premature at this juncture."
A full Environmental Assessment Form was completed on July 8, 2020.
In September 2020, the DOT, the New York State Police, and the State moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, arguing, inter alia, that the plaintiffs' contentions were not ripe for judicial review. Crown separately moved for the same relief on similar grounds. In an order dated January 26, 2021, the Supreme Court granted the separate motions on the ground that there was no justiciable controversy, and that there were no final determinations ripe for judicial review. The plaintiffs appeal.
"'A justiciable controversy must involve a present, rather than hypothetical, contingent or remote, prejudice to the plaintiff'" (Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442, 443, quoting Waterways Dev. Corp. v Lavalle, 28 AD3d 539, 540). "'The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination'" (Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d at 443, quoting Waterways Dev. Corp. v Lavalle, 28 AD3d at 540). The announcement of a proposed plan is not ripe for judicial review (see Matter of Pheasant Pond Owners Assn. v Board of Trustees of Inc. Vil. of Southampton, 285 AD2d 597, 598). Further, "[t]o challenge an administrative determination, the agency action must be final and binding upon the petitioner" (Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 98 [internal quotation marks omitted]). "'The position taken by an agency is not definitive and the injury is not actual or concrete if the injury purportedly inflicted by the agency could be prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party'" (Matter of Ranco Sand & Stone Corp. v Vecchio, 124 AD3d 73, 81, affd 27 NY3d 92, quoting Matter of Patel v Board of Trustees of Inc. Vil. of Muttontown, 115 AD3d 862, 864).
Here, the plaintiffs' claims are not ripe for judicial review, as the State has not yet made any final determination nor taken any final action with regard to the installation of the telecommunications tower, which remains only a "proposed plan" (Matter of Pheasant Pond Owners Assn. v Board of Trustees of Inc. Vil. of Southampton, 285 AD2d at 598; see Matter of Agoglia v Benepe, 84 AD3d 1072, 1076). The State has not made a determination to approve or disapprove the installation. Moreover, contrary to the plaintiffs' contention, the provision of section 2(E) of the agreement that provides for a "default" approval by the State for its failure to express approval or disapproval within 30 days of receipt from Crown of the materials required by that section was not triggered. The parties' submissions demonstrate that the required review pursuant to SEQRA has not yet been concluded. Thus, no final determination has been made, as the State is still in the process of reviewing Crown's proposal (see Matter of Agoglia v Benepe, 84 AD3d at 1076).
Under the circumstances, the Supreme Court properly determined that the controversy was not ripe for judicial review, and there was no justiciable controversy upon which the court could properly issue a declaratory judgment (see Matter of Shepherd v Maddaloni, 103 AD3d 901, 903-[*3]904).
The plaintiffs' remaining contentions either are without merit or need not be addressed in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court