■ In the Matter of GUILD OF ADMINISTRATIVE OFFICERS OF SUFFOLK COUNTY COMMUNITY COLLEGE et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants.—In a proceeding pursuant to CPLR article 78 and CPLR 3001 to (a) review a determination of the Suffolk County Department of Audit and Control, removing the petitioners Lucas A. Carpenter and Stephen Villano from the Suffolk County Community College payroll, (b) enjoin the Suffolk County Department of Audit and Control to restore said individuals to the payroll of the Suffolk County Community College, *inter alia,* with back pay, and (c) declare the rights and legal relations of the parties, the appeal is, by permission, from an order of the Supreme Court, Suffolk County (Samenga, J.), dated June 12, 1985, which denied the appellants' motion to dismiss the petition, and granted the petitioners' cross motion to disqualify the Suffolk County Attorney as counsel for the respondents president and trustees of Suffolk County Community College because of an alleged conflict of interest.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, the cross motion is denied as academic, and the proceeding is dismissed on the merits.

In June 1984, the petitioners Carpenter and Villano, who were then faculty members at Suffolk County Community College (hereinafter SCCC), were given interim appointments to the positions of administrative assistant to the vice-president and administrative assistant to the president of SCCC, respectively, until August 31, 1984, the end of the fiscal year. Both positions had been vacant and were budgeted for the balance of the fiscal year. At the same time, the individual petitioners were apparently given term appointments to the same positions for the fiscal year of 1984-1985, although the appropriations therefor had not yet been made.

In accordance with Education Law article 126 and the Code of Standards and Procedures for the Administration and Operation of Community Colleges under the Program of the State University of New York (8 NYCRR parts 600-607 [hereinafter the regulations]), the proposed operating budget of SCCC for fiscal year 1984-1985 was submitted to the county for approval, subject to initial review by the County Execu-

tive, in his capacity as the Chief Budget Officer of the county (see, Suffolk County Charter, art IV, §§ 402, 405). The County Executive made certain changes in the proposed budget, including the elimination of the positions held by the petitioners Carpenter and Villano (see, Suffolk County Charter, art IV, § 407 [b]). The recommended budget was then submitted to the Suffolk County Legislature for approval (see, Suffolk County Charter, art IV, § 408), and after having conducted a hearing with respect thereto, the Legislature voted to amend the budget to include, inter alia, the administrative positions in question here.

On September 10, 1984, the County Executive vetoed four of the amendments to the recommended budget, including those regarding the two administrative positions in question, and the proponents of the amendments in the County Legislature failed to garner a sufficient percentage of votes to override the veto (see, Suffolk County Charter, art IV, § 413 [b]).

Accordingly, on September 14, 1984, the trustees of SCCC, who had earlier urged the County Executive to reverse his position and allow restoration of the two administrative positions at issue, accepted the budget, resolving that they "consider[ed] that the positions * * * continue to be included in the organizational structure of the College". The press release of the same date, issued in connection with this resolution, declared that "the budget, as it now stands, is judged to be a usurpation of the Board's right to make and implement decisions regarding the management of the College".

On September 20, 1984, the Suffolk County Department of Audit and Control eliminated the two administrative positions and the individual petitioners were transferred to faculty positions.

The petitioners contend, inter alia, that, subject to the County Legislature's approval of the total amount of the operating budget, the college trustees have the sole and exclusive power to appoint personnel, adopt salary schedules and approve the organizational pattern of the college pursuant to the Education Law and the regulations; that the county has no legal power or authority to disapprove "line item[s]"; that if a proposed operating budget is disapproved, the trustees may invoke the intervention of the Chancellor of the State University, but that the county's failure to promptly and legally act on their proposed budget (see, Education Law § 6304 [5-a]) deprived the trustees of their right to timely request the Chancellor's intervention and assistance (see, 8 NYCRR 602.3 [d]).

At the outset, we must address the issue of whether the petitioners have demonstrated that they have standing to maintain this proceeding pursuant to CPLR article 78, i.e., whether "the administrative action will in fact have a harmful effect on [them] and [whether] the interest asserted is arguably within the zone of interest to be protected by the statute" *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9; *New York Hearing Aid Socy. v Children's Hosp. & Rehabilitation Center,* 91 AD2d 333, 334, *lv dismissed* 59 NY2d 915).

The petitioner Guild of Administrative Officers of Suffolk County Community College (hereinafter the Guild), which represents a collective bargaining unit of administrative officers of SCCC, has failed to satisfy the threshold requirement of standing to maintain this proceeding in its own right, since it has not suffered any injury in fact, but rather states a claim, grounded in concerns for academic independence, which "is too speculative to give rise to a cognizable interest" *(Matter of MFY Legal Servs. v Dudley,* 67 NY2d 706, 708). Moreover, the Guild, to which the petitioners Carpenter and Villano do not belong, does not have standing to sue as a representative of its members since it has failed "to allege the adverse effect of the decision sought to be reviewed on the individuals represented by [it]" *(Matter of Dental Socy. v Carey,* 61 NY2d 330, 334; *see, Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7), but rather has presented bald allegations regarding the evisceration of tenure protection and the restriction of academic freedom by political maneuvers.

The petitioners Carpenter and Villano also lack standing to maintain the proceeding because they have not suffered any harm. The individual petitioners had no legal entitlement or property interest in the administrative positions which they held for the 1984-1985 fiscal year, as any purported contract between the trustees and the individual petitioners regarding these positions would have been invalid in the absence of the authorization of appropriations therefor by the County Legislature *(see, Granada Bldgs. v City of Kingston,* 58 NY2d 705, *rearg denied* 58 NY2d 825; *McKee v City of Cohoes Bd. of Educ.,* 99 AD2d 923; *Vrooman v Village of Middleville,* 91 AD2d 833; County Law § 362 [3]), which "is given, and required to exercise firm and close control of the financial structure of the college and its fiscal operations, as respects both capital and income transactions * * * complete to seemingly the most minor details" *(Meyer v Wiess,* 25 AD2d 174, 177-178; 1967 Opns St Comp., No. 67-900, at 799-800; *cf. Matter of Weinstein v Caso,* 44 AD2d 690).

Finally, this is not a proper case for invoking the jurisdiction of the court to make a declaratory judgment pursuant to CPLR 3001 since the petitioners have not demonstrated that an actual controversy exists, i.e., that they have "a valid interest in securing a declaration and present, in an adversary context, *a controversy with the [appellants]* concerning that interest" (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.03; emphasis added), but merely demand an advisory opinion as to the legal relationship between the trustees of SCCC and the County of Suffolk *(see, Jones v Beame,* 45 NY2d 402, 408; *New York Public Interest Research Group v Carey,* 42 NY2d 527, 529; *Board of Coop. Educ. Servs. v Goldin,* 38 AD2d 267, 272).

In light of our determination, we do not address the issue as to the propriety of the County Attorney's representation of the appellants. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.