■ In the Matter of the Estate of FLORENCE W. VICKERY, Deceased. JOHN P. JOHNSON, Appellant.—Order unanimously affirmed without costs. Memorandum: The Surrogate erred in permitting a lay witness to express her opinion concerning the mental competence of the testatrix. It is well established that an ordinary witness may describe the acts of a person whose sanity is in question and state whether those acts impressed her as rational or irrational, but that an ordinary witness, other than a subscribing witness to the will, may not render an opinion whether the testatrix was of sound mind *(see,* Richardson, Evidence § 364 [m] [Prince 10th ed]). That error does not, however, require reversal.

Evidence was offered that, during execution of the will, the testatrix did not speak, and that it was her son who asked the subscribing witnesses to act as witnesses. Petitioner, the proponent of the instrument, requested the court to instruct the jury that a testatrix need not declare an instrument to be her will or ask persons to act as subscribing witnesses; that a third person acting as the agent or representative of the testatrix may make the declaration and request the witnesses to attest *(see, Matter of Eckert,* 93 Misc 2d 677, 679-680, *affd* 70 AD2d 801). In the usual case, the attorney who prepared the will supervises its execution, and that circumstance is sufficient to permit an inference of agency or representation *(see, Matter of Hedges,* 100 AD2d 586; *Matter of Eckert, supra).* No evidence was presented to establish how the instrument was prepared or that the son was acting as the agent of the testatrix. An attorney was not present during the ceremony, and the fact of agency could not be inferred from the circumstances. The jury's special verdict, finding that testatrix did not declare the instrument to be her will and did not ask the subscribers to act as witnesses, was not contrary to the weight of evidence. Accordingly, the order removing petitioner as temporary executor is affirmed. (Appeal from order of Yates County Surrogate's Court, DiPasquale, S.—probate.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.