■ JIM LONGO, INC., Respondent, v GEORGE RUTIGLIANO et al., Appellants, et al., Defendant. [674 NYS2d 730] —In an action to recover damages for breach of contract and fraud, the defendants George Rutigliano and Frances Rutigliano appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated January 24, 1997, which denied the motion of the defendants George Rutigliano, Frances Rutigliano, and Quad Builders, Inc., for summary judgment dismissing the complaint.

Ordered that the appeal insofar as it purportedly raises arguments on behalf of the defendant Quad Builders, Inc., is dismissed, as no appeal was taken by that defendant; and it is further,

Ordered that on the appeal of the defendants George Rutigliano and Frances Rutigliano the order is modified by deleting

the provision thereof which denied that branch of the motion which was to dismiss the second cause of action to recover damages for fraud insofar as it is asserted against those defendants and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly denied the motion of the defendants George Rutigliano and Frances Rutigliano for summary judgment dismissing the first cause of action to recover damages for the breach of an oral agreement. The complaint alleges a cause of action to recover damages for work performed and material supplied by the plaintiff in the excavation and installation of the foundation, septic system, and drywells of their new home. In support of the motion for summary judgment, the Rutiglianos submitted proof showing that the plaintiff billed and otherwise corresponded with the defendant Quad Builders, Inc. That evidence was insufficient to establish that the plaintiff had not entered into an oral contract with the Rutiglianos for the excavation and drainage of the site of their new home (*see*, CPLR 3212 [b]).

However, the Supreme Court should have dismissed the plaintiff's second cause of action, sounding in fraud, for failure to state a cause of action. It is well settled that a cause of action to recover damages for fraud does not lie when the only fraud alleged relates to a breach of contract (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318; *Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 614; *Mastropieri v Solmar Constr. Co.*, 159 AD2d 698, 700). The allegations contained in the plaintiff's second cause of action to recover damages for fraud are duplicative of the allegations contained in the first cause of action to recover damages for breach of contract. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.