■ MARIA FRAGOSO, Respondent, v GENEROSO ROMANO et al., Appellants. [702 NYS2d 333] —In a proceeding for declaratory relief purportedly commenced pursuant to the Election Law, the appeal, as limited by the appellants' brief, is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered March 5, 1999, as granted the petition.

Ordered that the proceeding is converted to an action for a declaratory judgment, the order to show cause is deemed to be the summons, and the petition is deemed to be the complaint (*see,* CPLR 103 [c]; *Matter of Paladino v Town of Harrison,* 225 AD2d 698); and it is further,

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the complaint is dismissed.

In order to maintain an action for a declaratory judgment, a party must present a concrete, actual controversy for adjudication (*see,* CPLR 3001; *Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 530-531; *Matter of Guild of Admin. Officers v County of Suffolk,* 126 AD2d 725, 728; *Red Robin Stores v Rose,* 274 App Div 462, 467-468). When the Supreme Court issued its order and judgment, this case no longer involved a genuine controversy. Instead, the case presented an abstract, hypothetical issue, the determination of which would not have an immediate practical effect and would not necessarily resolve the matter (*see, New York Pub. Interest Research Group v Carey, supra,* at 531). Thus, this is not a proper case for invoking the jurisdiction of the court to issue a declaratory judgment and the complaint should have been dismissed (*see, Matter of Guild of Admin. Officers v County of Suffolk, supra,* at 728; *Red Robin Stores v Rose, supra,* at 468-469). Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.