■ FLAIR INTERNATIONAL CORPORATION et al., Appellants, v MORTON HEISLER et al., Respondents. [717 NYS2d 889] —In an action, *inter alia,* to recover damages for unfair competition, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 17, 1999, as (1), *sua sponte,* dismissed the complaint insofar as asserted against the defendant Reiner Sales Co., Inc., pursuant to CPLR 306 (b), and (2) upon converting the separate motions of the defendants Sylvia Reiner and Martin Reiner, and the defendants Morton Heisler, Carole D'Agosta, HARP/USA, Inc., and William Reilly to dismiss the complaint insofar as asserted against them, respectively, into motions for summary judgment, granted the motion of the defendants Sylvia Reiner and Martin Reiner and dismissed the complaint insofar as asserted against them, and granted the separate motion of the defendants Morton Heisler, Carole D'Agosta, HARP/USA, Inc., and William Reilly to the extent of dismissing the first through seventh and ninth through fourteenth causes of action insofar as asserted against them.

Ordered that on the Court's own motion, that portion of the notice of appeal as purports to appeal as of right from the provision of the order which, *sua sponte,* dismissed the complaint insofar as asserted against the defendant Reiner Sales Co., Inc., is treated as an application for leave to appeal from that provision of the order, and leave to appeal is granted (*see,* CPLR 5701 [a] [2], [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contentions on appeal, the

Supreme Court properly dismissed the first and second causes of action which sought to recover damages for fraud, as the only fraud alleged related to a breach of contract (*see, Jim Longo, Inc. v Rutigliano,* 251 AD2d 547; *Alamo Contract Bldrs. v CTF Hotel Co.,* 242 AD2d 643).

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.