■ RUPAL J. SHAH, Respondent, v MICRO CONNECTIONS, INC., et al., Appellants. [729 NYS2d 497] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 15, 2000, as denied those branches of their cross motion which were for summary judgment dismissing the first, third, fourth, and sixth causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for summary judgment dismissing the first, fourth, and sixth causes of action, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants.

The complaint alleges that the plaintiff sold his corporation to the defendants pursuant to an oral agreement. However, the terms of the alleged oral agreement contradict the terms of the parties' written employment agreement. Where there is a conflict between an express provision in a written contract and an alleged oral agreement, the oral agreement is unenforceable (*see, Braten v Bankers Trust Co.,* 60 NY2d 155, 162; *Matter of Landmark Dining Sys. v Tax Appeals Tribunal,* 224 AD2d 785, 786; *Citibank v Pullman,* 190 AD2d 839). Thus, the Supreme Court erred in denying that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action based upon a breach of the purported oral agreement.

The defendants were also entitled to summary judgment dismissing the fourth cause of action alleging unjust enrichment. The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery under a quasi-contract theory for events arising out of

the same subject matter (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Chadirjian v Kanian,* 123 AD2d 596). Here, the plaintiff's unjust enrichment cause of action relates to the defendants' purported retention of the plaintiff's employees following the execution of the alleged oral agreement. Since the use of the plaintiff's employees as independent contractors was addressed by a written consulting agreement, the plaintiff is precluded from recovering for unjust enrichment under the fourth cause of action.

A cause of action alleging fraud will not lie when, as here, the only fraud alleged relates to a breach of contract (*see, Jim Longo, Inc. v Rutigliano,* 251 AD2d 547; *Alamo Contract Bldrs. v CTF Hotel Co.,* 242 AD2d 643; *Weitz v Smith,* 231 AD2d 518; *Sisters of Divine Compassion v Pace Univ.,* 230 AD2d 904). Thus, the defendants were entitled to summary judgment dismissing the sixth cause of action alleging fraud.

However, the Supreme Court properly found that issues of fact existed as to the circumstances surrounding the alleged breach of the written consultant agreement and properly denied that branch of the defendants' motion which was to dismiss the third cause of action.

In light of our determination, we need not reach the defendants' remaining contentions. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.