■ MARCIA KOEHLER et al., Appellants, v TOWN OF SMITHTOWN et al., Respondents. [759 NYS2d 392] —In an action, inter

alia, for a permanent injunction enjoining the defendants from interfering with the plaintiffs' right to erect a one-story commercial structure pursuant to a building permit issued by the defendant Building Department of the Town of Smithtown, the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 15, 2002, as, in effect, granted those branches of the defendants' motion which were to dismiss the first and second causes of action as academic and for summary judgment dismissing the third and fourth causes of action, and (2) from an order of the same court dated September 23, 2002, which denied their motion, denominated as one for leave to renew and reargue, but in actuality, was for leave to reargue the prior motion for summary judgment.

Ordered that the appeal from the order dated September 23, 2002, is dismissed; and it is further,

Ordered that the order dated April 15, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs' motion, characterized as one for leave to renew and reargue the prior motion for summary judgment, was not based upon new facts which were unavailable at the time of the prior motion. In addition, the plaintiffs failed to offer a valid excuse as to why the evidence offered upon their motion for leave to "renew and reargue," was not submitted in opposition to the prior motion. Therefore, the motion for leave to renew and reargue was in fact a motion for leave to reargue, the denial of which is not appealable (*see Sallusti v Jones,* 273 AD2d 293, 294 [2000]; *Bossio v Fiorillo,* 222 AD2d 476 [1995]).

The Supreme Court properly dismissed the first and second causes of action to enjoin the defendants from interfering with the plaintiffs' rights to complete construction of a one-story commercial structure as academic since construction of the building has been completed (*see Vanderwoude v Post / Rockland Assoc.,* 192 AD2d 702 [1993]). Further, the Supreme Court properly granted summary judgment dismissing the third cause of action for a declaratory judgment since the rights of the parties cannot be affected by the court's determination (*see* CPLR 3001; *Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354 [1988]; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 530-531 [1977]; *Fragoso v Romano,* 268 AD2d 457 [2000]; *Matter of Guild of Admin. Officers of Suffolk County Community Coll. v County of Suffolk,* 126 AD2d 725, 728 [1987]). The Supreme Court also properly granted summary judgment dismissing the fourth cause of action to recover dam-

ages based upon the defendants' issuance of a stop-work order pending new site plan approval, as it is clear that this was a discretionary determination, and the actions of the government in such instances are immune from lawsuits (*see City of New York v 17 Vista Assoc.,* 84 NY2d 299 [1994]; *154 E. Park Ave. Corp. v City of Long Beach,* 52 NY2d 991 [1981], *cert denied* 454 US 858 [1981]; *Sposato v Village of Pelham,* 275 AD2d 364 [2000]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.