■ GRAHAM SANFORD, Respondent, v COMPUTING GROUP, Also Known as TCG, Now Known as IDENTEX LIMITED, et al., Appellants. [772 NYS2d 599]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated May 6, 2003, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff conceded that he signed an employment contract with the defendant Computing Group, also known as TCG, now known as Identex Limited. The contract provided for a six-month probationary period. When the plaintiff's employment was terminated within the first six months of his employment, he commenced this action, inter alia, for breach of contract and fraud, contending that the defendants agreed to employ him for a term beyond the probationary period. The defendants moved for summary judgment dismissing the complaint.

The Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Notwithstanding the defendants' failure to proffer a signed copy of the employment contract, the contract was enforceable against the plaintiff as he admitted signing it, and performed under its terms (see Newburger v American Sur. Co., 242 NY 134 [1926]; Allen v National Video, 610 F Supp 612, 631 [1985]).

Moreover, as the contract was clear, complete, and unambiguous, it should have been enforced according to its terms. The plaintiff's contention that the probationary period did not apply to him was based on inadmissible extrinsic evidence (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Del Vecchio v Cohen, 288 AD2d 426 [2001]; Blumenreich v North Shore Health Sys., 287 AD2d 529 [2001]).

In addition, the cause of action for fraud should have been dismissed as the only fraud alleged related to the claim for breach of contract (see Jim Longo, Inc. v Rutigliano, 251 AD2d 547 [1998]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.