■ C.B.S. Rubbish Removal Co., Inc., et al., Appellants, v Winters Waste Services of New York, Inc., Respondent. [797 NYS2d 501]—

In an action, inter alia, to recover amounts allegedly due and owing pursuant to a promissory note, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 1, 2004, as denied their motion for partial summary judgment on the first cause of action and for summary judgment on the second and third causes of action, and granted those branches of the defendant's cross motion which were to dismiss the fourth cause of action to recover damages for duress and for leave to amend the answer to include a second counterclaim to recover compensatory damages for fraudulent inducement.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for partial summary judgment on the first cause of action and substituting therefor a provision granting that branch of the motion to the extent of awarding the plaintiff C.B.S. Rubbish Removal Co., Inc., the principal sum of $86,072.36, plus interest at the statutory rate of 9% per annum (see CPLR 5004) from September 2, 2003, and otherwise denying that branch of the motion, and (2) deleting the provision thereof granting that branch of the cross motion which was for leave to amend the answer to include a second counterclaim to recover compensatory damages for fraudulent inducement and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

By letter of intent dated October 5, 2001, the plaintiff C.B.S. Rubbish Removal Co., Inc. (hereinafter CBS), agreed to sell the assets of its business, including real property and other assets. On December 3, 2001, CBS and the defendant entered into a

contract for the sale of the real property and a separate contract for the sale of the other assets. CBS acknowledged in its complaint that the contract for the sale of the real property closed on July 23, 2002, a deed was delivered, and the consideration under the contract was paid.

The contract for the sale of the other assets provided for a purchase price of $498,256.10 payable in 100 monthly installments, with a shortfall adjustment to be applied of $6^2/_3$ times the shortfall between $33,000 and the revenue of CBS for the first three months after the closing. The contract provided that payments were not to be withheld until the revenue shortfall was determined. Paragraph 6.5 of the contract released the buyer from any claims by the seller other than claims "expressly provided for in this Agreement."

A promissory note dated July 23, 2002, provided for payments of $5,917.12 per month for 100 months. The note further provided that it was "subject to all rights of set-off, counterclaim or any defense of MAKER as set forth" in the contract of sale. It contained an acceleration clause.

Thereafter a dispute arose over setoffs, and the defendant ceased making payments. By letter dated August 28, 2003, CBS elected to accelerate the amount due pursuant to the promissory note unless the unpaid installments were paid within five days.

The plaintiffs commenced the instant action in October 2003, alleging four causes of action. The first cause of action demanded the amount due and payable pursuant to the promissory note, less the defendant's claimed setoffs. The second and third causes of action asserted that as a result of the defendant's default, the entire unpaid amount of the promissory note was due and payable. The plaintiffs' fourth cause of action alleged that the contracts between the plaintiffs and the defendant were entered under duress. The defendant in its answer asserted a counterclaim to recover damages for breach of contract "in failing to comply with the set-off procedure."

The plaintiffs moved for partial summary judgment on the first cause of action and for summary judgment on the second and third causes of action. In support of their motion, the plaintiffs acknowledged that the defendants made certain payments, leaving the sum of $450,164.89 due and owing. The plaintiffs sought the sum of $169,365.06 on the first cause of action, which they claimed the defendant acknowledged was owed after the revenue shortfall adjustment was applied.

The defendant, in opposition, claimed that "[t]he total Shortfall, as of February, 2003" was $364,092.53, which included

the revenue holdback adjustment of $169,010.15, and a fine in the sum of $40,144.78 payable to the New York State Department of Environmental Conservation.

The defendant cross-moved to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and for leave to amend the answer to assert an additional counterclaim to recover compensatory and punitive damages for fraudulent inducement resulting from the plaintiffs' alleged misrepresentations.

The Supreme Court denied the plaintiffs' motion and granted those branches of the cross motion which were to dismiss the fourth cause of action and for leave to amend the defendant's answer to assert an additional counterclaim to recover compensatory damages for fraudulent inducement.

Accepting for this motion the defendant's claim that as of February 2003 it was entitled to a total setoff in the sum of $364,092.53 against the $450,164.89 which remained unpaid on the note, at least $86,072.36 remained unpaid. CBS was thus entitled to partial summary judgment in the principal sum of $86,072.36, plus interest at the statutory rate of 9% per annum (*see* CPLR 5004) from September 2, 2003 when the acceleration took effect (*see Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]; *Kaiser v Fishman*, 187 AD2d 623 [1992]).

The fourth cause of action alleging duress was properly dismissed for failure to state a cause of action (*see 805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]; *Fruchthandler v Green*, 233 AD2d 214 [1996]). As noted by the Supreme Court, that cause of action was barred by the release contained in paragraph 6.5 of the parties' contract. Further, it is undisputed that the plaintiffs' negotiations with the defendant occurred over a period of months, and therefore, the plaintiffs had ample opportunity to exercise free will or seek relief in court.

However, that branch of the defendant's motion which was for leave to amend its answer to include a second counterclaim for compensatory damages for fraudulent inducement should have been denied. The proposed second counterclaim for damages allegedly resulting from the plaintiffs' misrepresentations alleged that the plaintiffs failed to disclose a liability of over $40,000 owed to the New York State Department of Environmental Conservation. However, the defendant already had claimed a setoff for this amount and its original answer asserted a counterclaim for setoffs due pursuant to the contract. Therefore, the proposed second counterclaim was duplicative of the original counterclaim alleging breach of contract, and that

branch of the cross motion which was for leave to amend the answer should have been denied in its entirety (*see Sanford v Computing Group*, 5 AD3d 466, 467 [2004]; *Jim Longo, Inc. v Rutigliano*, 251 AD2d 547, 548 [1998]).

The parties' remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.