■ RICHARD RIVERA, Appellant, v JUAN G. TORUNO, Respondent. [796 NYS2d 708]—

In an action to recover damages for personal injuries, the

plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 14, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated June 1, 2004, which denied his motion for reargument.

Ordered that the appeal from the order dated June 1, 2004, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 14, 2004, is reversed, on the law, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's motion which resulted in the order of June 1, 2004, although denominated as one for renewal and reargument, was, in fact, a motion for reargument, the denial of which is not appealable, since it was not based upon new facts which were unavailable at the time of the prior motion, and the plaintiff failed to offer a valid excuse for his failure to present this evidence earlier (*see Sallusti v Jones,* 273 AD2d 293, 294 [2000]).

We agree with the plaintiff that the Supreme Court erred in considering the defendant's untimely motion for summary judgment. The defendant's motion was made two months after the August 1, 2003, deadline for such motions set forth in a prior order of the Supreme Court dated April 14, 2003. The defendant offered no explanation for this delay; rather, he merely argued that the late motion should be considered due to the obvious lack of merit of the plaintiff's case, since it was clear that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). However, in the absence of a satisfactory explanation for the delay in filing the summary judgment motion, the motion should not have been considered, even if it appeared to be meritorious (*see Brill v City of New York,* 2 NY3d 648 [2004]; *Dettmann v Page,* 18 AD3d 422 [2005]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.