■ GAIL NEUGEBAUER, Now Known as GAIL OLSEN, Appellant, v MARY CLAIRE GILL, Respondent. [797 NYS2d 541]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Mahon, J.), dated January 6, 2003, as, upon granting the defendant's motion pursuant to CPLR 4401 made at the close of the plaintiff's case at the trial on the issue of damages to dismiss the complaint for failure to establish, prima facie, that she sustained a serious injury within the meaning of Insurance Law § 5102 (d), is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff failed to elicit any testimony from her treating

physicians, or introduce medical records in admissible form, establishing what treatment she received for her alleged injuries in the more than four-year period between the date of her accident and the examination conducted by her expert (*see Crespo v Kramer*, 295 AD2d 467 [2002]). The plaintiff's failure to adequately explain the four-year gap in medical treatment prevented her from proving a prima facie case for any category of serious injury on which she relied (*see Pommells v Perez*, 4 NY3d 566 [2005]). The explanation offered by the plaintiff was legally insufficient (*see Villalta v Schechter*, 273 AD2d 299, 300 [2000]). Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4401 to dismiss the complaint (*see Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]).

In view of the foregoing, it is unnecessary to reach the plaintiff's remaining contentions. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.