SAMUEL PFEIFFER, Appellant, v DAVID JACOBOWITZ et al., Respondents. [815 NYS2d 165]—

In an action, inter alia, to impose a constructive trust upon three parcels of real property, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Parga, J.), dated December 13, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint as time-barred and for failure to state a cause of action, and (2) an order of the same court dated April 12, 2005, which denied his motion, denominated as one for leave to renew, but was, in actuality, for leave to reargue the defendants' prior motion to dismiss the complaint.

Ordered that the appeal from the order dated April 12, 2005 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 13, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Viewing the complaint in the light most favorable to the plaintiff, as we must on a motion to dismiss pursuant to CPLR 3211 (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151-152 [2002]; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]), we conclude that the complaint alleges that after the plaintiff alerted the defendants to an opportunity to purchase certain real property, the defendants agreed to purchase the property on behalf of the plaintiff as well as themselves, but misrepresented their intentions and, in doing so, breached a fiduciary obligation to the plaintiff.

The Supreme Court properly determined that the plaintiff failed to state a cause of action for the imposition of a constructive trust, as he did not allege facts which would indicate that the parties were in a fiduciary relationship, or that the plaintiff was in possession of property which he transferred in reliance on a promise of the defendants (*see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.,* 14 AD3d 678, 679-680 [2005]; *Martinez v Dushko,* 7 AD3d 584, 585 [2004]; *Cuomo v Mahopac Natl. Bank,* 5 AD3d 621, 622 [2004]). Further, the plaintiff failed to plead a cause of action to recover damages for actual fraud, as the only fraud claimed relates to an alleged breach of contract (*see Sokol v Addison,* 293 AD2d 600, 601 [2002]; *Shah v Micro Connections,* 286 AD2d 433, 434 [2001]; *WIT Holding Corp. v Klein,* 282 AD2d 527, 528 [2001]).

In addition, the plaintiff's cause of action alleging the misappropriation of a business opportunity was properly dismissed as time-barred (*see Powers Mercantile Corp. v Feinberg,* 109 AD2d 117, 119-120 [1985], *affd* 67 NY2d 981 [1986]).

The plaintiff's motion which resulted in the order dated April 12, 2005, although denominated as one for leave to renew, was, in fact, a motion for leave to reargue, the denial of which is not appealable, since it was not based upon new facts which were unavailable at the time of the prior motion, and the plaintiff failed to offer a valid excuse for his failure to present any new facts earlier (*see Rivera v Toruno,* 19 AD3d 473, 474 [2005]; *Sallusti v Jones,* 273 AD2d 293, 294 [2000]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.