■ ANITA CRAWN, Also Known as ANITA CROWN, Appellant, v LILY SAYAH, Respondent. [819 NYS2d 61]—

In an action, inter alia, to cancel a deed and set aside a conveyance of real property, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 4, 2005, as granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action in the amended complaint, and (2) an order of the same court entered May 2, 2005, which denied her motion, denominated as one for leave to renew and reargue, but which, in actuality, was for leave to reargue those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action in the amended complaint.

Ordered that the appeal from the order entered May 2, 2005 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 4, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff's motion, denominated as one for leave to renew and reargue those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action in the amended complaint, was not based upon new facts which were unavailable at the time of the prior motion. In addition, the plaintiff failed to offer a valid excuse as to why the evidence offered in support of her motion for leave to renew and reargue was not submitted in opposition to the defendant's motion. Therefore, the motion, though denominated as a motion for leave to renew and reargue, was in fact a motion for leave to reargue, the denial of which is not appealable (*see Rivera v Toruno*, 19 AD3d 473 [2005]; *Koehler v Town of Smithtown*, 305 AD2d 550 [2003]; *Sallusti v Jones*, 273 AD2d 293, 294 [2000]).

The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action of the plaintiff's

amended complaint. Contrary to the view of our dissenting colleague, "A party's competence is presumed and the party asserting incapacity bears the burden of proving incompetence" (*Feiden v Feiden*, 151 AD2d 889, 890 [1989]; *see Smith v Comas*, 173 AD2d 535 [1991]; *see also* Prince, Richardson on Evidence § 3-110 [Farrell 11th ed]). Accordingly, the defendant, through the affirmation of the attorney who prepared the deed and witnessed its execution, met her initial burden of showing that the deed was properly executed. In opposition, the plaintiff failed to raise a triable issue of fact as to the decedent's mental capacity on the day he signed the deed because the papers submitted in opposition lacked any probative value. Luciano, Lunn and Dillon, JJ., concur.

Miller, J.P., concurs in part, and dissents in part, and votes to modify the order entered March 4, 2005, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision denying that branch of the motion, to reinstate the first cause of action, to otherwise affirm the order entered March 4, 2005, insofar as appealed from, and to dismiss the appeal from the order entered May 2, 2005, on the ground that no appeal lies from an order denying reargument, with the following memorandum: I agree that the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the second cause of action in the amended complaint. However, I do not agree that the first cause of action was correctly dismissed at this juncture, on this record.

In the first cause of action of the amended complaint, the plaintiff sought to cancel a deed executed by the decedent transferring certain realty to the defendant, on the ground that at the time the decedent executed the deed, he was not mentally competent to do so. Among other things, the amended complaint alleged that on March 19, 2002 (the date the deed was executed), the decedent was 79 years old, was suffering from a critical illness, and was in such a condition mentally that he did not understand or comprehend the nature or effect of the deed. At that time, the decedent was a resident and patient at the Regency Extended Care Center in Yonkers (hereinafter Regency), following his transfer there from Mount Vernon Hospital (hereinafter the Hospital). It was further alleged that since the date of his discharge from the Hospital and his transfer to Regency, and throughout his stay at Regency until his death on May 21, 2002, the decedent suffered from an "extreme form of dementia" and had "no understanding of the nature of his sur-

roundings." Despite the foregoing, on March 19, 2002, the defendant allegedly caused the decedent to be removed from Regency and transported to an attorney's office where the subject deed was executed.

In support of her motion for summary judgment, the defendant submitted, inter alia, the affirmation of the attorney who prepared the deed and witnessed its execution. The attorney was aware that the decedent was living in a nursing home at the time, and was transported in a wheelchair to the attorney's office accompanied by the defendant. In his affirmation, the attorney stated that he spoke with the decedent for several minutes in both Arabic and English, that he was satisfied that the decedent understood the purpose of his visit, and that the plaintiff's allegations that the decedent was then suffering from an extreme form of dementia, had no understanding of the nature of his actions, and had no intention of transferring ownership of the subject realty, were "unfounded." That was the only evidence regarding the decedent's mental capacity that was submitted in support of the defendant's motion. In particular, the defendant submitted no medical evidence whatsoever. Conspicuously absent from the defendant's submission, for example, were records from the Hospital or from Regency, affidavits from doctors at those facilities who could testify regarding the decedent's mental condition at the relevant time, or from lay individuals who could testify regarding the decedent's acts and behavior at the relevant time. Also conspicuously absent from the defendant's submission was her own affidavit—and, on that score, it bears repeating that she accompanied the decedent to the attorney's office on the day he executed the deed.

In my view, the defendant failed to make a prima facie showing of entitlement to judgment dismissing the first cause of action on the ground that the decedent possessed the mental capacity necessary to convey the subject realty to the defendant (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). A lay witness may "describe the *acts* of a person whose sanity is in question and state whether those acts impressed her as rational or irrational" (*Matter of Vickery*, 167 AD2d 828 [1990] [emphasis added]; *see* Prince, Richardson on Evidence § 7-202[*m*] [Farrell 11th ed]). The lay witness, however, "may not testify that the person was of sound or unsound mind, except in the case of a witness who was a subscribing witness to a will" (*see* Prince, Richardson on Evidence § 7-202[*m*] [Farrell 11th ed]). This case involves a deed, not a will. Here, based on a lay witness's opinion that the allegation of the decedent's dementia was "unfounded,"

the Supreme Court ran afoul of the foregoing rule when, based upon nothing but that opinion, it shifted the burden on summary judgment to the plaintiff to raise an issue of fact regarding the decedent's mental competence at the time he executed the subject deed.

Respectfully, in my view, my colleagues in the majority confuse the ultimate burden of proof at trial, on the one hand, with the shifting burdens that are involved on a motion for summary judgment, on the other (*see Alvarez v Prospect Hosp., supra*). I wholeheartedly agree that the plaintiff in this case bears the ultimate burden of proving at trial that at the time the decedent executed the subject deed, he lacked the capacity to do so. But the issue here is whether, on the pretrial motion of the defendant, based *solely* on the affirmation of a witness not in the medical profession, the plaintiff is to be shut down from proceeding any further. At this stage of the matter, it is the *defendant's* burden to make a prima facie showing of the decedent's capacity at the relevant time. While I do not mean to suggest that such a showing never may be made in the summary judgment context, I conclude that in this case the defendant did not do so.

The cases cited by the majority—*Feiden v Feiden* (151 AD2d 889 [1989]), and *Smith v Comas* (173 AD2d 535 [1991])—are inapposite, as they involved nonjury trials, and the trial records in both cases contained medical testimony.

Accordingly, I would modify the order entered March 4, 2005 by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, substituting therefor a provision denying that branch of the motion, reinstating the first cause of action, and otherwise affirm the order entered March 4, 2005, insofar as appealed from, and dismiss the appeal from the order entered May 2, 2005 on the ground that no appeal lies from an order denying reargument.