■ CPI CONTRACTING, INC., Appellant, v EXPERT ELECTRIC, INC., Respondent, et al., Defendants. [827 NYS2d 661]—

In an action, inter alia, to foreclose a mechanic's lien, recover in quantum meruit for services rendered, and recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated November 10, 2005, as denied its motion, denominated as one for leave to renew its prior motion to vacate its default in opposing the motion of the defendant Expert Electric, Inc., for summary judgment dismissing the complaint insofar as asserted against it, but which, in actuality, was for leave to reargue that motion.

Ordered that the appeal is dismissed, with costs.

The plaintiff's motion, denominated as one for leave to renew its prior motion to vacate its default in opposing the motion of the defendant Expert Electric, Inc., for summary judgment dismissing the complaint insofar as asserted against it, was not based upon new facts which were unavailable at the time of the prior motion (*see Crawn v Sayah*, 31 AD3d 367 [2006]; *Rivera v Toruno*, 19 AD3d 473 [2005]). In addition, the plaintiff failed to offer a reasonable justification for the failure to present the new facts on the prior motion (*see* CPLR 2221 [e]; *Koehler v Town of Smithtown*, 305 AD2d 550 [2003]). Accordingly, the motion, denominated as one for leave to renew, in actuality, was a motion for leave to reargue, the denial of which is not appealable (*see Pfeiffer v Jacobowitz*, 29 AD3d 661 [2006]). Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.