■ MAKBULE BERKTAS et al., Appellants, v ROGER P. McMILLIAN, Respondent. [835 NYS2d 388]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Feinman, J.), dated March 15, 2006, which, in effect, granted the defendant's motion to dismiss the complaint pursuant to CPLR 3216 and denied their cross motion to restore the action and for leave to extend their time to file a note of issue, and (2) an order of the same court dated July 26, 2006, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue.

Ordered that the appeal from the order dated July 26, 2006 is dismissed; and it is further,

Ordered that the order dated March 15, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

This action was dismissed upon the plaintiffs' failure to comply with a certification order, which constituted a valid 90-day notice pursuant to CPLR 3216 (*see* CPLR 3216; *Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348 [2005]). To restore this action, the plaintiffs were required to demonstrate a justifiable excuse for their failure to properly respond to the 90-day notice and a meritorious claim (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Chaudhry v Ziomek*, 21 AD3d 922, 924 [2005]). The injured plaintiff's deposition testimony submitted in support of the cross motion as an "affidavit of merit" did not establish a meritorious claim as to liability. Moreover, the plaintiffs failed to establish the merits of the injured plaintiff's claim of serious injuries. As noted by the Supreme Court, two of the affirmed physician reports

submitted with plaintiffs' motion papers indicated that the injured plaintiff sustained no orthopedic or neurologic disability from the accident. Additionally, the affirmed MRI reports of the radiologist found preexisting and degenerative conditions. The plaintiff did not submit medical proof in admissible form that was contemporaneous with the accident sufficient to establish that the injured plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Zinger v Zylberberg*, 35 AD3d 851 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624 [2006]). Moreover, plaintiff failed to explain the gap in treatment evident in the record (*see Li v Woo Sung Yun, supra; Neugebauer v Gill*, 19 AD3d 567 [2005]). Accordingly, the plaintiff failed to establish a meritorious claim and we need not reach the issue of a reasonable excuse for the failure to timely file the note of issue.

The plaintiffs improperly attempted to satisfy their obligation on the cross motion by submitting new material with their reply papers (*see Agha v Alamo Rent A Car*, 35 AD3d 639 [2006]). In any event, that new material did not demonstrate grounds to avoid the dismissal. Accordingly, the court providently exercised its discretion by, in effect, granting the defendant's motion to dismiss the complaint and denying the plaintiffs' cross motion.

The court properly treated the plaintiffs' motion, denominated as one for leave to renew and reargue, as a motion for leave to reargue because it was not based upon new facts which were unavailable at the time of the defendant's motion and the plaintiffs' cross motion and the plaintiffs did not offer a reasonable justification for the failure to present the new facts at the time of the original motions (*see* CPLR 2221 [d], [e]; *CPI Contr., Inc. v Expert Elec., Inc.*, 36 AD3d 582 [2007]; *Crawn v Sayah*, 31 AD3d 367 [2006]; *Rivera v Toruno*, 19 AD3d 473, 474 [2005]). Accordingly, the plaintiffs' appeal from the order dated July 26, 2006, must be dismissed as the denial of reargument is not appealable (*see CPI Contr., Inc. v Expert Elec., Inc., supra; Crawn v Sayah, supra; Rivera v Toruno, supra*). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.