■ STEEVE DESORMEAU, Appellant, v METROPOLITAN TRANSIT LONG ISLAND BUS et al., Defendants and Third-Party Plaintiffs-Respondents. JOSEPH LAURENTI et al., Third-Party Defendants-Respondents. [841 NYS2d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated August 16, 2006, which denied his motion to vacate the dismissal of the action based on his failure to timely file a note of issue, and to restore the action.

Ordered that the order is affirmed, with costs.

This action was dismissed upon the plaintiff's failure to comply with a certification order which constituted a valid 90-day notice pursuant to CPLR 3216 (*see* CPLR 3216; *Berktas v McMillian,* 40 AD3d 563 [2007]; *Giannoccoli v One Cent. Park W. Assoc.,* 15 AD3d 348 [2005]). To restore this action, the plaintiff was required to demonstrate a justifiable excuse for his failure to properly respond to the 90-day notice and a meritorious claim (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Chaudhry v Ziomek,* 21 AD3d 922, 924 [2005]). The plaintiff did not make that showing, since he failed to demonstrate a reasonable excuse for neglecting to comply with the certification order and a follow-up letter from the court, and he failed to adequately explain the approximately three-year gap in the treatment of his continuing symptoms (*see Berktas v McMillian, supra; Osgood v Martes,* 39 AD3d 516 [2007]; *Serby v Long Is. Jewish Med. Ctr.,* 34 AD3d 441 [2006]; *Li v Woo Sung Yun,* 27 AD3d 624 [2006]; *Neugebauer v Gill,* 19 AD3d 567, 567-568 [2005]). Accordingly, the Supreme Court properly denied the plaintiff's motion. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.