In an action for a judgment declaring that a parcel of land, known as the Maue Parcel, is parkland and that an agreement between the defendant Village of Ossining and the defendants Cappelli Enterprises, Inc., Ginsburg Development Corp., and Harbor Square, LLC, is void, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 5, 2007, as denied that branch of his motion which was for leave to renew his prior motion to vacate an order dated November 20, 2006, entered upon his default in appearing at a trial readiness conference and upon his failure to comply with the court’s discovery directives, which had been denied in an order entered January 11. 2007.
*716 Ordered that the order is affirmed insofar as appealed from, with costs.
Due to the plaintiffs failure to appear at a trial readiness conference and his failure to comply with the Supreme Court’s discovery directives, the action was dismissed. The Supreme Court denied the plaintiffs motion to vacate the default. The plaintiff moved for leave to reargue and renew his motion to vacate, supported by new evidence to show that his failure to appear at the conference was reasonable, and new evidence to support the case on the merits. The court denied the plaintiffs motion for leave to reargue and renew. The plaintiff appeals from so much of the order as denied that branch of his motion which was for leave to renew.
The Supreme Court properly denied that branch of the plaintiffs motion which was for leave to renew his prior motion to vacate his default. The plaintiff failed to offer a reasonable justification for the failure to present the newly-submitted facts on the prior motion (see CPLR 2221 [e]; Koehler v Town of Smithtown, 305 AD2d 550 [2003]). Prudenti, P.J., Mastro, Fisher and Dillon, JJ., concur.